(977 P.2d 281)

No. 79,605

STATE OF KANSAS, *Appellee*, v. RANDALL L. FRENCH, *Appellant*.

Opinion filed March 12, 1999.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Timothy J. Chambers*, county attorney, for appellee.

Before MARQUARDT, P.J., KNUDSON, J., and DAVID W. KENNEDY, District Judge, assigned.

KNUDSON, J.: Randall L. French appeals the imposition of a departure sentence by the district court. French contends that the aggravating factors relied upon by the district court were not supported by evidence, nor were they substantial and compelling.

We vacate the sentence imposed and remand for resentencing.

French was initially charged with four counts of aggravated indecent liberties with a child and one count of sexual battery. Pursuant to a plea bargain, French pled no contest to three counts of indecent solicitation of a child, contrary to K.S.A. 21-3510, a severity level 7, person felony. Before sentencing, French was assigned a category H criminal history; thus, the median presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA) was 13 months' imprisonment with probation.

· The underlying facts surrounding French's crimes are not fully developed in the record on appeal. The charging documents are in formal language without a factual affidavit; there are no eviden-

tiary transcripts; and there are no detailed victims' statements. French's criminal history did not include sex offenses or any crimes against children. The only factual recitation was given by the county attorney in support of the amended charges and French's nolo contendere pleas:

"Your Honor, during the year 1996, the Hutchinson Police Department received numerous reports concerning an individual by the name of Randall L. French. He was residing [in Hutchinson, Kansas]. That's within Reno County, and [N.C.], who is fourteen years of age, indicated her mother was dating Randall French, and that while she was in the residence in January of 1996, Randall French fondled her in the breast area and touched her in places she did not like, and told her not to tell her mother. She also indicated that on one occasion he made her touch his penis. [R.B.], who is a fifteen-year-old child, indicated that in May of 1996, she was present with Randall French in Hutchinson when he attempted to stick his hand up her shirt and attempted to stick his hand down her pants. [G.K.], who is fourteen-years-of-age, reported that on April 14 of 1996, in a Hutchinson residence—again, all of these events occurred in Reno County. She said Randall French lifted up her shirt and touched the nipples of one of her breast [sic]. All of these young girls indicated they did not want this act to occur."

After French's pleas were accepted, the district court gave notice of its intent to impose a dispositional departure because each victim was particularly vulnerable due to age, there were multiple victims, and the crimes constituted a pattern of child victimization. However, at the actual sentencing hearing the district court stated only one reason to support departure: "I am just convinced in my mind that this man has shown a pattern of exploiting young girls, and that is why I departed in this case." We note that "[t]he court's comments at the time of sentencing govern as to the reasons for departure." *State v. Gideon*, 257 Kan. 591, 623, 894 P.2d 850 (1995). The court sentenced French to 28 months and imposed a dispositional departure.

A claim that a departure factor relied upon by the district court does not constitute substantial and compelling reasons for departure under K.S.A. 21-4716(b)(2) is a question of law. *State v. Gideon*, 257 Kan. at 623. The term "substantial" refers to something that is real, not imagined, something with substance and not ephemeral. *State v. Rhoads*, 20 Kan. App. 2d 790, 799, 892 P.2d 918 (1995). The term "compelling" implies that a court is forced,

by the facts of a case, to leave the status quo or go beyond what is ordinary. A claim that the departure factors are not supported by evidence in the record should be reviewed to determine whether there is substantial evidence supporting the court's findings or whether they are clearly erroneous. 257 Kan. at 622-23.

K.S.A. 21-4716(b)(3) reads:

"If a factual aspect of a crime is a statutory element of the crime . . . that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

Implicit in the district court's findings is an acknowledgement that the factual aspects of each crime were not *per se* a consideration in imposing a departure sentence. Also, the underlying circumstances to support a continuing pattern of conduct are distinguishable from the circumstances in *State v. Zuck*, 21 Kan. App. 2d 597, 605-06, 904 P.2d 1005, *rev. denied* 258 Kan. 863 (1995) (sexual conduct that occurred with the same victim over a period of years held not covered by the instant conviction).

In *Zuck*, 21 Kan. App. 2d at 606, we said:

"Because there is no indication that our legislature considered restricting the use of a defendant's prior uncharged criminal conduct in establishing the presumptive sentence, the sentencing court here had the discretion to consider such conduct as a departure factor. Importantly, one of the purposes of the guidelines is to ensure public safety. Using a history of unpunished sexual exploitation as a factor to justify a departure is consistent with the purposes of the guidelines."

The substantial and compelling reason to support the departure in *Zuck* was based upon previous uncharged but similar conduct of the defendant with the victim. In the case now on appeal, the district court's findings are limited to the inherent facts of each crime of conviction with the conclusion then drawn that the sum of the parts is greater than the whole.

Multiple convictions are specifically addressed in K.S.A. 21-4720. Judges generally have discretion to impose consecutive or concurrent sentences. More significantly, the legislature has specifically considered the impact of multiple convictions in determining an offender's criminal history under K.S.A. 21-4710. In fact,

until amended in 1995, K.S.A. 21-4710 required that the multiple convictions be scored in determining criminal history.

Based upon the above provisions of the KSGA and the purposes and objectives of sentencing guidelines, we conclude that a pattern of exploitative conduct based exclusively upon the inherent facts of the multiple crimes of conviction is not a substantial and compelling reason for a sentencing departure under K.S.A. 21-4716.

Our decision is a narrow one required under the KSGA. Upon remand, the district court is not precluded from considering additional, appropriate reasons that would justify the imposition of a departure sentence. See *State v. Peterson*, 25 Kan. App. 2d 354, Syl. ¶ 2, 964 P.2d 695, *rev. denied* 266 Kan. 1114 (1998).

One final matter we will mention to assist the district court upon resentencing. K.S.A. 21-4603d(a) requires the court to consider placement in the Labette Correctional Conservation Camp before a dispositional departure is imposed.

Sentence vacated and remanded for resentencing.