No. 79,121

STATE OF KANSAS, *Appellee*, v. MICHAEL IPPERT, *Appellant*.
(995 P.2d 858)

Opinion filed January 28, 2000.

*J. Brent Getty*, assistant appellate defender, argued the cause, and *Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Sarah S. Henson*, assistant county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Michael Ippert petitions this court for review of an unpublished decision by the Court of Appeals affirming the sentencing court's upward durational departure sentence. We granted review to consider whether the sentencing court's reliance for departure upon the statutory factor of a fiduciary relationship provided for by K.S.A. 1998 Supp. 21-4716(b)(2)(D) is appropriate where a father is convicted of aggravated indecent liberties against his daughters. For the reasons set forth below, we affirm.

The defendant was charged with 5 counts of rape and 10 counts of aggravated indecent liberties with a child in connection with activities occurring over a 6-year period involving his daughter, A.M.I., age 8, as well as 5 counts of rape and 10 counts of aggravated indecent liberties over the same period involving his daughter E.I, age 10. In exchange for dismissal of the above charges, the defendant entered a plea of no contest to amended charges of aggravated indecent liberties with A.M.I. and E.I.

The defendant was found guilty based upon his plea of no contest to two counts of aggravated indecent liberties with a child, defined as "engaging in any of the following acts with a child who is under 14 years of age: (A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both." K.S.A. 21-3504(a)(3)(A).

Before accepting the defendant's plea, the trial court heard from the State that the defendant sexually molested his two daughters between the dates of December 27, 1991, and December 27, 1996. More specifically, the State informed the court that the defendant touched both daughters in their vaginal area with both his finger

and penis in order to arouse and satisfy his own sexual desires. The defendant did not contest these statements.

The defendant had no previous offenses and, thus, his criminal history score under Kansas sentencing guidelines was I. Aggravated indecent liberties is a severity level 3 felony with a sentencing range of 46, 49, or 51 months for a defendant with no previous offenses. Prior to sentencing, the trial court advised the defendant that it was considering an upward durational departure on the ground that the children were of tender age at the time of the acts. The court asked the defendant whether he desired a continuance in order to prepare for a departure hearing. After a discussion with his counsel, the defendant elected to proceed.

The court found that the defendant's daughters were 8 and 10 years of age and that the alleged acts had been ongoing for 5 years, making the girls 3 and 5 years of age when the acts started. The court concluded that the victims were particularly vulnerable due to their age and that both victims were also vulnerable because the defendant was their father. The court departed from the sentencing guidelines and sentenced the defendant to 102 months on the first count and 51 months on the second count, to be served consecutively.

Before the Court of Appeals, the defendant argued that the age of the children was an improper basis for an upward departure because the age was already considered in the elements and severity level of the charge of aggravated indecent liberties with a child. Acknowledging that age was an element of aggravated indecent liberties, the State argued that a distinction should still exist in this case considering the extremely young age of the children. Alternatively, the State asked the Court of Appeals to affirm the defendant's upward departure sentence based upon the trial court's finding that a fiduciary relationship existed between the victims and the defendant in that he was their father. See K.S.A. 1998 Supp. 21-4716(b)(2)(D).

The Court of Appeals affirmed the defendant's departure sentence, stating:

"Ippert focuses on the court's finding that the victims were particularly vulnerable due to their young age. He argues that the age of the victim is an element

of the crime of aggravated indecent liberties. It is not necessary for us to address this issue because it is clear that the court's second reason alone provides a substantial and compelling basis for departure.

"A fiduciary relationship between a defendant and a victim is recognized in the statute as an aggravating factor that may be considered in determining whether to impose a departure sentence. K.S.A. 1997 Supp. 21-4716(b)(2)(D). It is undisputed that Ippert was the father of the victims. The court found that he was in a position of trust with the victims and they relied on him for protection. These are real factors with substance. The circumstances of this case are such that the court was forced to go beyond what is ordinary. The departure sentence is supported by substantial and compelling reasons." *State v. Ippert*, No. 79,121, unpublished opinion filed December 18, 1998.

We granted the defendant's petition for review. The defendant again argues that age may not be used as a basis for departure because age is an element of the crimes charged. He also advances two other arguments in support of his contention that the upward departure sentence must be vacated. First, he argues that he did not receive notice from the court that it was considering an upward departure on the basis that he was the father of the victims or upon the basis of the fiduciary relationship that existed. Finally, he argues that the durational departure imposed was not justified by substantial and compelling reasons.

## A. Aggravating Factors

### Fiduciary Relationship Between Perpetrator and the Victim as an Aggravating Factor

In his petition for review, the defendant does not address the Court of Appeals' conclusion that "[a] fiduciary relationship between a defendant and a victim is recognized in the statute as an aggravating factor that may be considered in determining whether to impose a departure sentence. K.S.A. 1997 Supp. 21-4716(b)(2)(D)." Nevertheless, an important consideration in our review is whether a trial court may appropriately consider an upward durational departure based on a fiduciary relationship between the perpetrator and a victim in a case where a parent is charged with aggravated indecent liberties in connection with his or her child.

In a series of bills taking effect in 1993, the legislature changed the law as it related to sex offenses when a parent sexually abuses his or her children. L. 1992, ch. 298, §§ 22, 34; L. 1993, ch. 253, §§ 5, 15; L. 1993, ch. 291, § 271. Prior to 1993, lewd fondling or touching between an offender and his or her child under the age of 18 was covered under K.S.A. 21-3603 (Ensley 1988), aggravated incest, and was classified as a D felony. The same conduct between an offender and a minor child under the age of 16 who was not related to the offender was covered under K.S.A. 21-3503 (Ensley 1988), indecent liberties with a child, and was a class C felony.

The amendments taking effect in 1993 removed sexual acts with children under 14 years of age from the aggravated incest statute and the indecent liberties with a child statute and, instead, classified them under the crime of aggravated indecent liberties with a child, regardless of whether the perpetrator was related to the victim or not. The reason for changing the law involving aggravated indecent liberties was succinctly expressed by Matthew B. Lynch of the Kansas Judicial Council in comments to Senator Jerry Moran prior to the 1993 change:

"In reviewing the existing statutes, our committee concluded sexual intercourse with or lewd fondling of a child under 16 is a C felony if the perpetrator is a stranger (21-3503), a B felony if the perpetrator is a guardian in whose charge the child has been placed by the state (21-3504) and a D felony if the perpetrator is a parent or other relative enumerated under the aggravated incest provision (21-3603). Our committee rejected the idea that the status of the perpetrator should determine the penalty level and instead based penalties on the age of the victim and the act involved.

"To avoid the possibility of lesser penalties for parents who sexually abuse their children, SB 358 amended the aggravated incest provision (21-3603) so it only applies to children 16 or more years of age. In other words, a sexual act with a child under 16 is covered by the appropriate sex offense: rape, indecent liberties with a child, aggravated indecent liberties, criminal sodomy or aggravated criminal sodomy. (As to children between 16 and 18, if the act is nonconsensual it would constitute rape, aggravated criminal sodomy, sexual battery or aggravated sexual battery.)

"Our concern with the existing statutes were confirmed by the recent decision in *State v. Williams,* 250 Kan. 730 (1992). *Williams* held that, under the existing statutes, aggravated incest is a more specific crime than indecent liberties with a child and where the defendant is related to the victim as set forth in 21-3603 (1), the state may charge the defendant with aggravated incest but not with indecent

liberties. SB 358, which is effective July 1, 1993, would have produced a different result in *Williams*. If SB 358 had been in effect, the defendant would have been prosecuted under the relevant sex offenses in article 35 rather than under the aggravated incest provision."

K.S.A. 21-3504 defines the crime of aggravated indecent liberties with a child:

"[a] (1) Sexual intercourse with a child who is 14 or more years of age but less that 16 years of age;

"(2) engaging in any of the following acts with a child who is 14 or more years of age but less that 16 years of age and who does not consent thereto:

(A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or satisfy the sexual desires of either the child or the offender, or both; or

(B) causing the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another; or

"(3) engaging in any of the following acts with a child who is under 14 years of age:

(A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both; or

(B) soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another;

"(b) It shall be a defense to a prosecution of aggravated indecent liberties with a child as provided in subsection (a)(1), (a)(2)(A) and (a)(3)(A) that the child was married to the accused at the time of the offense.

"(c) Aggravated indecent liberties with a child as described in subsection (a)(1) and (a)(3) is a severity level 3, person felony. Aggravated indecent liberties with a child as described in subsection (a)(2) is a severity level 4, person felony."

The focus of the crime of aggravated indecent liberties as it now stands is upon the age of the victim. It is a general, all-encompassing crime not dependent upon familial relationships. The legislature determined that any person including a parent who engages in activities defined with a child under the age of 14 would be guilty of aggravated indecent liberties. Thus, the crime covers any person and is not dependent upon the relationship of the child to the perpetrator.

The sentence to be imposed for the crime of aggravated indecent liberties is provided for under the Kansas Sentencing Guidelines Act. See K.S.A. 21-3504(c). K.S.A. 21-4718(b) empowers the sentencing court to depart from the guidelines under its own volition under circumstances set forth by law. K.S.A. 1998 Supp. 21-4716(b)(2) specifies a nonexclusive list of aggravating factors that may be considered in determining whether substantial and compelling reasons for departure exist. Included in the list of aggravating factors is the fact that "[t]he offense involved a fiduciary relationship which existed between the defendant and the victim." K.S.A. 1998 Supp. 21-4716(b)(2)(D).

We find no language in the definition of the crime of aggravated indecent liberties or in the provisions relating to the sentence that would preclude a court from consideration of those factors set forth in K.S.A. 1998 Supp. 21-4716 in sentencing a defendant. The 1993 legislature elected to include activity which previously would have been aggravated incest under the general offense of aggravated indecent liberties. In the adoption of this amendment, the legislature subjected those convicted under K.S.A. 21-3504(a)(3)(A) to provisions of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et. seq.* No distinction now exists based upon the relationship between the perpetrator and the victim. We conclude that a fiduciary relationship existing between the defendant and the victim is a statutory factor that may be considered when sentencing any person including a parent under the provision of K.S.A. 21-3504(a)(3)(A).

## Age of the Victim as an Aggravating Factor

The defendant's main contention is that the age of the victims may not be used as a basis for departure because it is already taken into account in the crime itself. Aggravated indecent liberties applies to acts of lewd fondling or touching committed with a child who is under 14 years of age and is a severity level 3 felony. K.S.A. 21-3504(a)(3)(A). Thus, the severity level of the act already encompasses the fact that the child involved would be under 14 years of age.

However, as the Court of Appeals points out in its opinion, we need not resolve this question. Kansas law does not require that all of the reasons given for departure by the sentencing court support the departure sentence. As long as one or more of the factors relied upon is in fact substantial and compelling, the departure sentence will be affirmed. *State v. Gideon*, 257 Kan. 591, 627, 894 P.2d 850 (1995); *Zuck*, 21 Kan. App. 2d at 606.

## B. Notice

Having concluded above that K.S.A. 21-3504 did not prevent the court from considering the fiduciary relationship between the perpetrator and a victim as an aggravating factor, we now address the defendant's contention that the court was precluded from doing so by the lack of notice given to the defendant. At the beginning of the sentencing hearing, the trial court announced that it was considering a departure sentence due to the ages of the victims. During this hearing, the court also made it clear that the other reason for its consideration of a durational departure was that the defendant, as the father of the victims, was in a special position to cause harm to his daughters. However, the court did not state prior to the hearing that the relationship of the defendant, as father to the victims, was a factor the court would consider.

K.S.A. 21-4718(b) vests the trial court with authority to depart in its sentence from the sentencing guidelines on its own volition but also provides that the court must notify all parties of its intent including the type of departure intended and the reasons and factors relied upon, allowing either party a reasonable time to respond. In this case, the trial court did not comply with the provisions of K.S.A. 21-4718(b).

The defendant does not argue that this noncompliance prejudiced him in any way or that he would have presented evidence to rebut the factor by showing that he was not in a fiduciary relationship with his children. It is difficult to conceive of any way he could have rebutted this factor in any event. In *Gideon*, we held that where the defendant is not notified of one of the factors which the court proposes as a basis for departure, the defendant must make some proffer of the evidence he or she would present or the ar-

gument he or she would make to refute the factor before this court will find reversible error. 257 Kan. at 620-21. No such proffer was or is made by the defendant here. While the failure to give notice on the additional ground is error, it is not reversible error.

The defendant's only argument is that the relationship between the defendant and the victims was not specifically considered by the court as a factor in its durational departure. However, the record reveals that the relationship factor was considered by the court and was one of the bases on which the trial court entered its durational departure sentence.

## C. Substantial and Compelling Reasons

The final question to be resolved is whether the durational departure imposed by the trial court on this basis of the relationship between the defendant and the victims was justified by substantial and compelling reasons. In an appeal from a departure sentence, the standard of review is twofold: A claim that the departure factors relied upon by the court do not constitute substantial and compelling reasons for departure is a question of law, while the claim that the departure factors are not supported by the evidence is a question of fact, and the court's findings are reviewed to determine whether they are supported by substantial evidence or are instead clearly erroneous. See *Gideon*, 257 Kan. at 622-23; *State v. French*, 26 Kan. App. 2d 24, 25-26, 977 P.2d 281 (1999).

Here, there is no question that the fact that the victims were the defendant's children is a substantial and compelling reason for departure. "Substantial" under the sentencing guidelines means something that is real, not imagined, something with substance and not ephemeral; while "compelling" implies that the court is forced by the facts of the case to leave the status quo or go beyond what is ordinary. *State v. Eisele*, 262 Kan. 80, 83-84, 936 P.2d 742 (1997). K.S.A. 1998 Supp. 21-4716(b)(2)(D) states that the fact that the offense involved a fiduciary relationship between the defendant and the victim is a factor that may be considered in determining whether substantial and compelling reasons for departure exist. The trial court found that this factor was substantial and compelling because the defendant, as the father of the children, was in a

unique position to carry out the crime and to keep the crime secret because the victims relied upon his position of trust. Thus, the court did not err in finding that the fact that the defendant was the father of the victims was a substantial and compelling reason to depart.

Moreover, the court's departure is supported by substantial evidence. It is undisputed that the defendant is the father of the victims. The presentence report states that the defendant told the victims not to tell anyone of the activities or he would kill himself. These facts support the decision of the trial court.

Affirmed.