MODIFIED[1]

NOT DESIGNATED FOR PUBLICATION

No. 118,506

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SUZANNE M. HAYDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Original opinion filed June 28, 2019. Modified opinion filed August 8, 2019. Sentences vacated and case remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, for appellee.

Before GARDNER, P.J., GREEN and ATCHESON, JJ.

GREEN, J.: In *State v. Hayden*, 52 Kan. App. 2d 202, 364 P.3d 962 (2015) (*Hayden I*), this court vacated all five of Suzanne M. Hayden's sentences and remanded for resentencing. Hayden appeals from her resentencing, arguing that the *Hayden* I court lacked jurisdiction to vacate all of her sentences. In *Hayden I*, this court vacated Hayden's

---

[1]**REPORTER'S NOTE**: Opinion No. 118,506 was modified by the Court of Appeals in response to a Motion for Clarification filed by the Appellant.

1

four presumptive sentences in addition to her single illegal sentence, contrary to K.S.A. 2011 Supp. 21-6820(c)(1)'s rule against appellate courts reviewing presumptive sentences. Thus, the *Hayden I* court vacated Hayden's four presumptive sentences without subject matter jurisdiction, and the trial court lacked subject matter jurisdiction to resentence Hayden on those counts on remand. In our original opinion, we vacated Hayden's sentences for Counts I, II, III, and V and remanded with directions to impose the same sentences for those counts that the trial court handed out during its initial sentencing of Hayden.

On July 9, 2019, Hayden moved for clarification of this court's original opinion filed on June 28, 2019. In her motion, Hayden specifically asks this court to "clarify that all counts are vacated and remanded with directions that the original sentences be reimposed for Counts 1-3 and 5 and Count 4 be resentenced as the base offense with a guideline range of 46-51 months." As we have set forth later in this modified opinion, we direct the trial court to resentence Hayden consistent with this modified opinion.

The State charged Hayden, in a multi-count complaint, with the following: Count I—theft, a severity level 7 nonperson felony; Count II—theft, a severity level 7, nonperson felony; Count III—theft, a severity level 5, nonperson felony; Count IV—theft, a severity level 5, nonperson felony; Count V—making false information, a severity level 8, nonperson felony. Hayden pled guilty to all counts.

Before sentencing, the State moved the trial court for an upward durational departure because Hayden's offense "involved a fiduciary relationship." Although Hayden had several victims, the State did not designate which victim Hayden had shared a fiduciary relationship with. Hayden objected to the upward durational departure.

At the start of sentencing, Hayden stipulated that she had a fiduciary relationship with Fogarty Construction—the victim in Count I, Dipman Automotive—the victim in

2

Count II, and Dr. William Hartman—the victim in Count III of the complaint. She did not stipulate to a fiduciary relationship with National Payment Services (NPS), the victim in Counts IV and V of the complaint. The State acknowledged that it was not asking the trial court to find that a fiduciary relationship existed between Hayden and NPS. Instead, the State asked only for a finding that Hayden had a fiduciary relationship with *Dr. Hartman in Count IV* of the complaint. The trial granted the State's motion for upward durational departure on Count IV.

For Count IV, which the court considered her primary conviction, the presumptive sentencing range was 46 to 51 months' imprisonment. But the trial court departed upward to 102 months' imprisonment. The trial court imposed the mitigated presumptive sentence for each of Hayden's remaining counts, running each count consecutively. This resulted in a total controlling sentence of 162 months' imprisonment, followed by 24 months' postrelease supervision.

Hayden appealed to this court in *Hayden I*. In her direct appeal, this court explained:

> "Both parties agree that this case should be remanded for resentencing. However, they disagree over whether the case should be remanded for sentencing on all of the counts . . . or only on Count IV (theft from NPS) . . . as Hayden suggests. In her brief, Hayden argues—without citation—that we 'must vacate Ms. Hayden's sentence for count four . . . and remand with instructions that the district court impose a gridbox sentence.' The State, on the other hand, argues that this court should remand [Hayden's case] in its entirety so that the district court can depart on the counts for which there was a breach of a fiduciary duty.
> "It is undisputed that a sentencing departure must be supported by substantial and compelling reasons justifying a deviation from the presumptive guidelines sentence. K.S.A. 2011 Supp. 21–6820(d). 'Substantial' means something real, not imagined; something with substance, not ephemeral. 'Compelling' means that the court is forced, by

3

the facts of the case, to leave the status quo or go what is beyond ordinary. *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013).

"K.S.A. 2011 Supp. 21-6820(f) provides that '[i]f the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand *the case* to the trial court for resentencing.' (Emphasis added.) Accordingly, the plain language of the statute provides that in such instances, the entire case should be remanded for resentencing, not simply a particular count. Moreover, 'Kansas precedent shows that remand for clarification of departure reasons has been allowed with respect to upward departures.' *State v. Blackmon*, 285 Kan. 719, 730-32, 176 P.3d 160 (2008) (citing *State v. Garcia*, 274 Kan. 708, 717, 56 P.3d 797 [2002]; *State v. French*, 26 Kan. App. 2d 24, 27, 977 P.2d 281 [1999]; *State v. Peterson*, 25 Kan. App. 2d 354, Syl. ¶ 2, 964 P.2d 695, *rev. denied* 266 Kan. 1114 [1998]).

"Here, it appears from the record that the district court likely intended to grant the upward durational departure sentence on Count III (theft of Dr. Hartman) rather than on Count IV (theft from NPS). Clearly, Hayden stipulated to a fiduciary relationship in regards to Dr. Hartman—as well as to Fogarty Construction and Dipman Automotive—but did not stipulate to a fiduciary relationship with NPS. In addition, the record reveals that other than Count IV, Count III was the only other severity level 5 theft with which Hayden was charged. At the sentencing hearing, the district court largely referenced the victims as a whole—noting how devastating Hayden's actions were on all of them—rather than speaking about a particular victim. As such, we conclude that it is appropriate to vacate all of the sentences in [Hayden's case] and remand [her] case to the district court for resentencing as it deems appropriate." 52 Kan. App. 2d at 210-12.

Although Hayden filed a petition for review with our Supreme Court, our Supreme Court denied her petition for review. 305 Kan. 1255 (2016).

On remand to the trial court, Hayden argued that the *Hayden I* court erred by vacating all of her sentences because only one sentence was illegal. Hayden asserted that our Supreme Court decision in *State v. Guder*, 293 Kan. 763, 267 P.3d 751 (2012), supported her argument that the trial court could only resentence her on Count IV. The

State argued that the trial court had to follow the *Hayden I* court's mandate, which stated that the court "[had] to resentence on all five counts." The State then requested that the trial court impose the same controlling sentence as it originally imposed. Except this time, the State requested that the trial court grant an upward durational departure on Count III because Hayden had a fiduciary relationship with Dr. Hartman. The State acknowledged that Hayden had no fiduciary duty to NPS because "[t]here was absolutely no relationship there." Thus, the trial court could not impose an upward durational departure on either Count IV or V of the complaint.

The trial court stated that Hayden's case involved "an interesting issue legally. However, the remand and mandate [were] clear from the Court of Appeals. The Court of Appeals remanded the case for resentencing on all counts." The trial court then clarified that it had always been its intent "to depart regarding the crime against Dr. Hartman, and Dr. Hartman was Count III, not Count IV." The trial court designated Count III as Hayden's base offense, and granted the State's upward durational departure. This resulted in Hayden receiving a 102-month prison sentence. For her remaining counts, the trial court imposed the mitigated presumptive prison sentence for each count—11 months' imprisonment for Count I, 11 months' imprisonment for Count II, 31 months' imprisonment for Count IV, and 7 months' imprisonment for Count V—running each count consecutively. Thus, the trial court imposed a controlling sentence of 162 months' imprisonment, followed by 24 months' postrelease supervision.

Hayden timely appealed.

*Did This Court Lack Jurisdiction to Vacate Hayden's Sentences?*

Hayden's sole argument on appeal is that the *Hayden I* court lacked jurisdiction to vacate all her sentences. She argues that it is unassailable that the trial court, during her initial sentencing, imposed presumptive Kansas Sentencing Guidelines Act (KSGA)

sentences for Counts I, II, III, and V. She further argues that the *Hayden I* court had jurisdiction to vacate only her sentence for Count IV since it was the sole illegally imposed sentence. In turn, she argues that the trial court lacked jurisdiction to resentence her for Counts I, II, III, and V presumptive sentences. Hayden also requests that this court "reverse and remand this matter for resentencing with orders that the district court reimpose a . . . 46, 49 or 51 months' [sentence] for Count [IV]."

The State does not challenge the correctness of the authority Hayden relies on. Instead, the State argues that this court should reject Hayden's argument for the following reasons: (1) that Hayden did not object to the lack of jurisdiction at resentencing; (2) that Hayden's argument is barred by either collateral estoppel or res judicata; and (3) that Hayden's argument is barred by the law of the case doctrine.

Whether jurisdiction exists is a question of law over which this court has unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). "Subject matter jurisdiction is subject to challenge by the parties or the court at any time. If subject matter is lacking, any judgment is void." *State v. Murray*, 293 Kan. 1051, 1054, 271 P.3d 739 (2012), *overruled on other grounds by State v. Ford*, 302 Kan. 455, 353 P.3d 1143 (2015).

As a result, the State's first argument is meritless. Even if we assumed that Hayden did not raise a jurisdiction objection at resentencing, she still could assert that the trial court sentenced her without jurisdiction for the first time on appeal. Thus, the State's arguments about collateral estoppel, res judicata, and law of the case doctrines are also meritless. If the *Hayden I* court vacated Hayden's sentences without jurisdiction, resulting in the trial court resentencing Hayden without jurisdiction, Hayden may challenge both the *Hayden I* court's and the trial court's actions taken without jurisdiction at any time.

Hayden committed her crimes between 2008 and 2011. Since the Legislature enacted the KSGA in 1992, the Legislature barred appellate courts from reviewing "[a]ny sentence that is within the presumptive sentence for the crime" on appeal. See L. 1992, ch. 239, § 21; K.S.A. 21-4721(c)(1); K.S.A. 2011 Supp. 21-6820(c)(1).

Hayden argues in her brief that Kansas appellate courts may exercise jurisdiction only under circumstances prescribed by the Legislature through statute:

> "Appellate jurisdiction is defined by statute; the right to appeal is neither a vested nor a constitutional right. The only reference in the Kansas Constitution to appellate jurisdiction demonstrates this principle, stating the Kansas Supreme Court shall have 'such appellate jurisdiction as may be provided by law.' Kan. Const., art. 3, § 3. Under this provision, this court may exercise jurisdiction only under circumstances allowed by statute; this court does not have discretionary power to entertain appeals from all district court orders. [Citations omitted.]" *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010).

In *Guder*, 293 Kan. 763, Syl. ¶ 1, our Supreme Court explained that "[t]he sentencing of a defendant is strictly controlled by statute; accordingly, the authority to modify a sentence is also strictly statutory." The *Guder* court observed that historically, Kansas trial courts had considerable discretion to modify sentences after they were made from the bench. 293 Kan. at 765. Indeed, the *Guder* court acknowledged that before the enactment of the KSGA in 1992, trial courts had great discretion on remand. Nevertheless, the *Guder* court announced that "[t]he 1992 amendments to the Kansas sentencing statutes deprived district courts of the jurisdiction to modify sentences except to correct arithmetic or clerical errors, *to consider or reconsider departures from presumptive sentences*, or to modify sentences by reinstating previously revoked probations." (Emphasis added.) 293 Kan. at 766.

The *Guder* court further stated the following about remands after reversal:

7

"When it enacted the KSGA, our legislature explicitly addressed remands following reversal. K.S.A. 21-4720(b)(5) [now K.S.A. 2018 Supp. 21-6819(b)(5)] provides that, in the event that *a conviction of the primary crime* is reversed on appeal, the sentencing court is to follow all of the KSGA provisions concerning sentencing in multiple conviction cases." (Emphasis added.) 293 Kan. at 766.

The *Guder* court also underscored the authority of trial courts when resentencing on remand: "It is telling that the legislature expressly set out the authority of district courts to resentence on remand, without giving them authority to resentence on other convictions when only the *sentence* for the primary conviction is vacated." 293 Kan. at 766. KSGA allows modification of other sentences only when the primary *conviction* is reversed. 293 Kan. 763, Syl. ¶ 3; K.S.A. 2018 Supp. 21-6819(b)(5).

Here, when Hayden appealed to the *Hayden I* court, only one of her sentences was illegal. This was her sentence for Count IV because no factual basis supported the upward durational departure.

In her brief, Hayden emphasizes that in her first appeal, she never challenged the validity of her Count IV *conviction*. We take judicial notice of our own records. See *State v. Finch*, 291 Kan. 665, 674, 244 P.3d 673 (2011). Moreover, a review of Hayden's brief in *Hayden I* establishes that she challenged only her Count IV *sentence*.

Still, the *Hayden I* court reversed all of Hayden's sentences by relying on K.S.A. 2011 Supp. 21-6820(f). K.S.A. 2011 Supp. 21-6820(f) refers to remanding "*the case* to the trial court for resentencing" when the trial court's factual findings are inadequate or when its factual findings do not support a departure sentence. When the *Guder* court interpreted K.S.A. 21-4720(b)(5), however, it pointed out "that the legislature expressly set out the authority of district courts to resentence on remand, without giving them authority to resentence on other convictions when only the sentence for the primary

8

conviction is vacated." 293 Kan. at 766. K.S.A. 2011 Supp. 21-6819(b)(5) also explicitly refers to "remand[ing] the multiple conviction case for resentencing," while K.S.A. 2011 Supp. 21-6820(f) does not address the remand of multiple convictions for resentencing.

The *Guder* court also seemingly did not give any weight to the fact the statute says the court shall remand "the case" for resentencing. Instead, it held that the district court, on remand of "the case," could not modify a previously imposed sentence on one conviction following a remand from an appellate court for resentencing based on a different conviction unless the defendant's primary conviction was reversed on appeal. Here, because the *Hayden I* court determined that only Hayden's Count IV sentence was illegal, Hayden's case fell into the category where the trial court was barred from modifying the previously imposed presumptive sentences on Hayden's convictions for Counts I, II, III, and V.

Moreover, the *Guder* court disapproved of the holding in *State v. Snow*, 282 Kan. 323, Syl. ¶ 11, 144 P.3d 729 (2006), where it held "that a district court may resentence on all counts after an appellate court remands for resentencing on one count . . . because they comprise a single, whole judgment." 293 Kan. at 765-66. We believe that our Supreme Court's disapproval of *Snow* is further support that the *Hayden I* court erred when it relied on K.S.A. 2011 Supp. 21-6820(f) to vacate all of Hayden's sentences.

In addition, we note that Hayden filed a Rule 6.09 letter (2019 Kan. S. Ct. R. 39) on May 10, 2019, citing *State v. Moore*, 309 Kan. 825, 441 P.3d 22 (2019). The *Moore* decision upheld the holdings of *Guder*. Moreover, the *Moore* decision affirmed the recent Supreme Court decision in *State v. Warren*, 307 Kan. 609, 412 P.3d 993 (2018), which upheld the holdings of *Guder*.

In summary, because the trial court entered presumptive sentences for Counts I, II, III, and V when it originally sentenced Hayden, the *Hayden I* court lacked jurisdiction to

9

vacate those presumptive sentences under K.S.A. 2011 Supp. 21-6820(c)(1). The *Hayden I* court had jurisdiction to vacate Hayden's sentence only for Count IV since this was the sentence where the trial court had granted the State's upward durational departure without substantial and compelling reasons to do so.

Our Supreme Court has explained that if the trial court lacked jurisdiction to enter an order, an appellate court cannot acquire jurisdiction over the subject matter on appeal. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004). It necessarily follows that if an appellate court lacked jurisdiction to enter an order, a trial court following through on the appellate court's mandate on remand similarly lacks jurisdiction. Thus, under the holding of *Guder*, the *Hayden I* court lacked jurisdiction to vacate Hayden's remaining sentences because only the sentence, not the conviction of Hayden's Count IV primary conviction was reversed. Moreover, all the remaining sentences were presumptive.

Last, we address Hayden's request that this court vacate her count IV prison sentence. When the trial court resentenced Hayden, it sentenced her to 31 months' imprisonment for count IV as if Hayden had a criminal history score of I. It did so because K.S.A. 2011 Supp. 21-6819(b)(5) provides that "[n]onbase sentences shall not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences shall have the full criminal history score assigned." Thus, Hayden is currently sentenced to 31 months' imprisonment for count IV.

Because the *Hayden I* court lacked jurisdiction to vacate counts I, II, III, and V, the trial court lacked jurisdiction to reclassify Hayden's count III conviction as her base conviction. Reclassification of Hayden's sentence will result in her count IV sentence becoming illegal.

As a result, we vacate Hayden's sentences of Counts I, II, III, IV, and V and remand with directions. Those directions are that the trial court impose the same

10

sentences for Counts I, II, III, and V that it did during its original sentencing of Hayden and designate Hayden's count IV conviction as her base conviction and sentence count IV in accordance with K.S.A. 2011 Supp. 21-6819.

Sentences vacated and remanded with directions.

* * *

ATCHESON, J., concurring:  Although I agree that this court erred in remanding Suzanne M. Hayden's case to the Johnson County District Court for resentencing on multiple convictions for felony theft and for making false information after vacating an upward durational departure imposed on just one of those convictions, I do not share the majority's reasoning in reaching that conclusion. Under K.S.A. 2011 Supp. 21-6820, specifically governing departure sentences, this court acquired jurisdiction over only the departure sentence in the original appeal and, therefore, could not direct the district court to reconsider the other sentences on remand. This court's reliance on K.S.A. 2011 Supp. 21-6820(f) in the original appeal was misplaced—that subsection does not confer the broad authority the panel ascribed to it.

On remand, the district court faced a dilemma. The mandate from our court set aside the upward durational departure sentence on one of the counts for want of a valid factual basis but also directed the district court to reconsider the sentences on the other counts in fashioning a new punishment for Hayden. Hayden, however, argued the district court lacked the jurisdictional authority to do so and could resentence her on only the count for which the departure sentence had been vacated. The district court made a reasonable choice to adhere to the mandate. But the new sentence the district court imposed, shifting the upward durational departure to another count for which it was factually appropriate and resulting in the same overall term of incarceration for Hayden,

11

was legally improper. The district court lacked jurisdiction and, hence, the authority to adjust that sentence.

Appeals are creatures of statute, and their scope is confined to the appellate jurisdiction conferred by statute. As a general matter, a criminal defendant cannot appeal a term of incarceration that conforms to a presumptive punishment set out in the sentencing guidelines. K.S.A. 2018 Supp. 21-6820(c)(1). But K.S.A. 2018 Supp. 21-6820(a) expressly allows the State or a defendant to appeal a "departure sentence." A departure sentence deviates, either higher or lower, from a presumptive guidelines sentence based on aggravating or mitigating circumstances the district court must outline. On appeal, a party may challenge the reasons for the departure either because they do not as a matter of law warrant a change in the presumptive sentence or because they have not been supported by substantial evidence even if they otherwise would legally justify the departure. K.S.A. 2018 Supp. 21-6820(d). That's the scope of the appellate court's jurisdiction in reviewing a departure sentence. And that's all Hayden could or did originally appeal—the sentences on the other counts were all presumptive guidelines sentences.

The panel handling the original appeal found the upward departure to be factually unwarranted on the count for which the district court imposed it and, therefore, vacated the sentence and remanded for resentencing. The panel concluded the district court could reconsider all of the sentences based on K.S.A. 2011 Supp. 21-6820(f), which provides:

> "The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing."

By fastening on the phrase "remand *the case* . . . for resentencing," the panel construed that subsection to open up all of the sentences for reconsideration. The panel, however,

12

read too much into the Legislature's bare reference to "the case," especially in light of the otherwise contrary directives in other subsections of K.S.A. 2011 Supp. 21-6820. As I have said, K.S.A. 2011 Supp. 21-6820(a) strictly limits appellate jurisdiction to the departure sentence itself, and K.S.A. 2011 Supp. 21-6820(c)(1) precludes review of presumptive guidelines sentences. Those are clear legislative statements that conflict with the panel's reading of K.S.A. 2011 Supp. 21-6820(f) and its remand order.

Had the Legislature intended to create a broad exception of the sort the panel divined in K.S.A. 2011 Supp. 21-6820(f), it would have been equally clear in doing so. But K.S.A. 2011 Supp. 21-6820(f) offers no such clarity. By way of contrast, the Legislature provided that when the primary conviction in a multi-conviction case is reversed, the appellate court must remand the case for resentencing and "if the case remains a multiple conviction case the court shall follow all of the provisions of this section concerning the sentencing of multiple conviction cases." K.S.A. 2011 Supp. 21-6819(b)(5). The explicit legislative directive to follow *all* of the statutory procedures governing sentencing on remand confers jurisdictional authority for the district court to reconsider each sentence—not just the one attached to the reversed primary conviction. The absence of a comparable legislative mandate in K.S.A. 2011 Supp. 21-6820(f) weighs heavily against the panel's interpretation of that subsection in the original appeal.

The Kansas Supreme Court has consistently admonished that an appellate court "ascertains the legislature's intent through the statutory language it uses, and it will not read a statute to add something not readily found in it." *State v. Guder*, 293 Kan. 763, 766-67, 267 P.3d 751 (2012); see *State v. Finch*, 291 Kan. 665, Syl. ¶ 2, 244 P.3d 673 (2011). The court has recently repeated the admonition in outlining the limited judicial authority to adjust criminal sentences when only one of several sentences imposed on a defendant has been vacated. *State v. Warren*, 307 Kan. 609, 613, 412 P.3d 993 (2018); see also *State v. Moore*, 309 Kan. 825, 441 P.3d 22 (2019) (endorsing reasoning and

13

result in *Warren*). Those cases reemphasize the panel's misreading of K.S.A. 2011 Supp. 21-6820(f) in discerning a phantom sentencing exception lurking in the phrase "the case."

On remand, the district court had no independent authority to resentence Hayden on the counts on which it had already imposed guidelines sentences. A district court's sentence is final when initially pronounced from the bench. *Guder*, 293 Kan. 763, Syl. ¶ 2. That rule governs, since those sentences were legally proper. A district court, of course, has the statutory authority to correct an illegal sentence. K.S.A. 22-3504.

Those principles dispose of this case. They conferred jurisdiction on this court in the original appeal to consider only the departure sentence and to permit the district court to reconsider only that sentence—and none of the other sentences—on remand. The district court had no other legal basis to alter the remaining sentences and erred by imposing an upward durational departure for one of those sentences, even though the result left Hayden with the same overall sentence.

The sentencing guidelines, particularly as the Kansas Supreme Court has construed them, tie specific crimes of conviction to specific sentences imposed. In multiple conviction cases, then, each crime with its concomitant sentence typically must be viewed as a unit of punishment divisible from the other crimes and sentences rather than the overall sentence being treated as an integrated punishment composed of constituent sentences. In turn, absent clear legislative intent otherwise, an appellate decision vacating one sentence does not open up other sentences for review in the district court on remand. And K.S.A. 2011 Supp. 21-6820(f) contains no such clear intent. So the original panel erred in allowing the district court to reconsider all of Hayden's sentences.

The compartmentalization of sentences in that way marks a change in Kansas law. Historically, if one sentence in a multi-conviction case were vacated, the district court could then adjust all of the sentences on remand, effectively fashioning a new overall

14

punishment. Presumably, however, the district courts now structure their sentencing decisions to account for the change, especially in the seven years since *Guder* was decided. As a result, in the run of cases, the prohibition on a district court's reconsideration of other sentences when a dispositional departure sentence has been set aside on appeal should not undermine that court's initial sense of the appropriate punishments for those other crimes.

But this case doesn't fit within that mainstream. Here, Hayden stipulated she had fiduciary relationships with three of the victims—a fact that would support an upward durational departure on the convictions related to them. K.S.A. 2011 Supp. 21-6815(c)(2)(D). Hayden did not so stipulate to and the State did not prove a fiduciary relationship with the remaining victim. In pronouncing sentence, the district court obviously misspoke and imposed the departure sentence on a conviction related to the nonfiduciary victim. The departure, therefore, was factually unsupported. But it plainly would have been supported had the district court identified a crime against one of the other victims. The error is uncorrectable, since the district court imposed otherwise legally proper guidelines sentences on the crimes that arose from the fiduciary relationships.

There is a laudable purpose behind the rule precluding a district court judge from changing a sentence once it has been imposed on a defendant in open court. The district court presumably will have given studied consideration to an appropriate sentence ahead of time and, thus, imposes what it considers to be fair and just punishment in the circumstances of the particular case. In some instances, however, a vocal segment of the public might then strongly disagree, branding the district court's conclusion as either heartlessly harsh or melon-headedly mild. The rule precludes the district court from bowing to those vociferous critics after the fact in the guise of "correcting" what is a legal sentence. Perhaps a well-designed statutory scheme could make an allowance for what happened in this case without creating an escape hatch for a suddenly timorous district

15

court. Maybe not. My job is to construe statutes, not to craft them. And I agree that Hayden avoids (and evades) an upward durational departure sentence in this case.