FILED
United States Court of Appeals
Tenth Circuit

November 10, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ERICK DONALDSON,

     Petitioner-Appellant,

v.

RAYMOND ROBERTS, JR.; STEVEN
SIX, Attorney General of Kansas,

     Respondents-Appellees.

No. 09-3143

(D.C. No. 5:08-CV-3139-RDR)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

Erick Donaldson, a Kansas state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his petition for writ

of habeas corpus seeking relief under 28 U.S.C. § 2254.  Because Donaldson has failed to

satisfy the standards for the issuance of a COA, we deny his request and dismiss the

matter.

I

The underlying facts that led to Donaldson's convictions, with which the parties

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

are familiar, are summarized in State v. Donaldson, 112 P.3d 99, 103-04 (Kan. 2005) (Donaldson I), as well as in Donaldson v. Roberts, No. 08-3149-RDR, 2009 WL 1158668, *1-2 (D. Kan. Apr. 28, 2009) (Donaldson II).  Thus, it is unnecessary to repeat them in detail here.  In April 2003, Donaldson was convicted by a jury of first degree felony murder, in violation of Kan. Stat. Ann. § 21-3401, and sale of cocaine, in violation of Kan. Stat. Ann. § 65-4161(a).  Donaldson was sentenced to life imprisonment for the felony murder conviction, and to a consecutive sentence of 44 months' imprisonment for the drug conviction.  On direct appeal, the Kansas Supreme Court affirmed Donaldson's convictions and sentences.  Donaldson I, 112 P.3d at 115.

Donaldson filed a motion for state habeas relief pursuant to Kan. Stat. Ann. § 60-1507.  The state trial court summarily denied that petition.  The denial was affirmed by the Kansas Court of Appeals on December 21, 2007, in an unpublished opinion. Donaldson v. State, No. 97,230, 2007 WL 4577917 (Kan. Ct. App. Dec. 21, 2007).  The Kansas Supreme Court denied certiorari review on May 28, 2008.

On June 19, 2008, Donaldson initiated these federal proceedings by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Donaldson's petition listed seventeen grounds for relief.[1]  At the district court's direction, respondent filed a

_____

[1] As identified by the district court, these grounds included: 1) sufficiency of evidence - first degree murder; 2) sufficiency of evidence - sale of cocaine; 3) joinder of charges for trial; 4) challenge to aiding and abetting instruction; 5) motion to endorse Clifton Brown as a prosecution witness; 6) prosecutorial misconduct; 7) addition of aggravated robbery count; 8) denial of motion to suppress statements made during police interrogation; 9) propriety of conviction for sale of cocaine (versus attempted sale of
(continued...)

2

response addressing the merits of each ground for relief. On April 28, 2009, the district court issued a forty-four page memorandum and order addressing, and ultimately rejecting, each of Donaldson's grounds for relief. On that same date, the district court entered judgment denying Donaldson's § 2254 petition.

Donaldson filed a timely notice of appeal, which the district court construed as a request for COA. On June 2, 2009, the district court issued an order denying Donaldson a COA. Donaldson has since renewed his request for COA with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 of § 2241"). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

[1](...continued)
cocaine); 10) admissibility of statements of co-defendants and evidence of their convictions; 11) admissibility of hearsay statements; 12) prosecutorial vouching for law enforcement witness; 13) admission of Donaldson's out-of-court statements; 14) failure to require prosecution to make a full recording of Donaldson's interrogations; 15) ineffective assistance of counsel; 16) denial of evidentiary hearing in connection with state habeas proceedings; and 17) cumulative error.

3

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Our task in this context is not to conduct a "full consideration of the factual or legal bases adduced in support of [each of the prisoner's] claims," but rather to conduct a "threshold inquiry . . . ." Miller-El, 537 U.S. at 336. This inquiry "requires an overview of the claims in the habeas petition and a general assessment of their merits." Id. "We look to the District Court's application of AEDPA to [the prisoner's] constitutional claims and ask whether that resolution was debatable among jurists of reason." Id.

Having conducted the requisite inquiry in this case, we readily conclude that Donaldson has failed to establish his entitlement to a COA on any of the seventeen grounds for relief asserted in his federal habeas petition and denied by the district court. With respect to the grounds that were actually raised by Donaldson on direct appeal or in his application for state habeas relief, the district court identified the "clearly established" federal law, if any, that was applicable to each claim, thoroughly discussed Donaldson's arguments and the Kansas courts' rejection of those arguments, and concluded that

4

Donaldson failed to establish his entitlement to federal habeas relief pursuant to 28 U.S.C. § 2254(d)(1). With respect to the grounds for relief that were never presented by Donaldson to the Kansas state courts, the district court rejected them as procedurally defaulted. In our view, reasonable jurists could not disagree with the district court's resolution of any of these grounds for relief.

The request for a COA is DENIED and the matter is DISMISSED. Donaldson's motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

5