IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,270

STATE OF KANSAS,
*Appellee*,

v.

ERICK DONALDSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under K.S.A. 22-3504(1), an illegal sentence is: (1) A sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.

2.

The requirement that a judge before whom a criminal case is pending must suspend the proceedings and conduct a hearing to determine the competency of the defendant only arises where that judge has made a finding that there is reason to believe that the defendant is incompetent to stand trial.

3.

If a district court violated K.S.A. 22-3302 by failing to suspend criminal proceedings and conduct a competency hearing after finding reason to question the defendant's competency, the error alleged is procedural and not jurisdictional and a motion to correct an illegal sentence is not an avenue through which to reverse the conviction.

1

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 11, 2015. Affirmed.

*Erick Donaldson*, appellant pro se, was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: A decade after he was convicted of felony murder and the sale of cocaine, Erick Donaldson filed a motion to correct an illegal sentence. He claimed that the district court's failure to *sua sponte* order a competency hearing and stay his prosecution, pursuant to K.S.A. 22-3302, rendered his convictions and sentences void for lack of jurisdiction. The district court summarily denied his motion, and Donaldson filed a direct appeal to this court pursuant to K.S.A. 2014 Supp. 22-3601(b)(3). See also *State v. Pennington*, 288 Kan. 599, 205 P.3d 741 (2009) (jurisdiction over appeal of motion to correct illegal sentence lies with court that had jurisdiction to hear original appeal).

In a recent decision, *State v. Ford*, No. 109,806, 2015 WL 4598831 (Kan. 2015), we held that a K.S.A. 22-3504 motion to correct an illegal sentence is not an appropriate vehicle for challenging a conviction based upon an alleged violation of the competency to stand trial statute, K.S.A. 22-3302. Accordingly, we affirm the district court's summary denial of Donaldson's motion to correct an illegal sentence as being the correct result.

2

FACTUAL AND PROCEDURAL OVERVIEW

In separate criminal cases filed in 2002, Donaldson was charged with felony murder and the sale of cocaine. The cases were consolidated for trial, and Donaldson was found guilty of both charges. No request for a competency hearing was made by Donaldson, the State, or the district court at any time during the underlying criminal proceedings.

Donaldson directly appealed to this court, raising nine different issues, none of which involved challenges to his competency to stand trial or the district court's failure to comply with K.S.A. 22-3302. We affirmed his convictions in *State v. Donaldson*, 279 Kan. 694, 112 P.3d 99 (2005) (*Donaldson I*).

Donaldson next filed a K.S.A. 60-1507 motion that raised several issues, albeit none of them were related to his competency to stand trial. The district court summarily denied his K.S.A. 60-1507 motion, and that denial was upheld on appeal. See *Donaldson v. State*, No. 97,230, 2007 WL 4577917 (Kan. App. 2007) (unpublished opinion), *rev. denied* 286 Kan. 1177 (2008) (*Donaldson II*).

Donaldson filed yet another K.S.A. 60-1507 motion, alleging that this court applied the wrong standard of review when determining one of the issues raised in his initial direct appeal. Again, he failed to mention his competency to stand trial. The district court summarily denied the second K.S.A. 60-1507 motion as successive and untimely, which was upheld on appeal. See *Donaldson v. State*, No. 105,736, 2012 WL 1237894 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1129 (2013) (*Donaldson III*).

Next, Donaldson sought federal habeas corpus relief, alleging multiple trial errors, as well as advancing a claim of ineffective assistance of counsel. Donaldson did not even suggest that he had been incompetent to stand trial, much less claim that the trial court had failed to follow the correct procedure for determining competency. The United States District Court denied his request for habeas relief. See *Donaldson v. Roberts*, No. 08-3149-RDR, 2009 WL 1158668 (D. Kan. 2009) (unpublished memorandum decision and order). The Tenth Circuit Court of Appeals denied Donaldson's subsequent appeal in the federal habeas corpus action. *Donaldson v. Roberts*, 353 Fed. Appx. 118 (10th Cir. 2009) (*Donaldson IV*).

Returning to state court in January 2013, Donaldson filed a pro se motion to correct an illegal sentence, pursuant to K.S.A. 22-3504. For the first time, Donaldson claimed that he had not been competent to stand trial. Because of that incompetency, Donaldson claimed that the district court lost jurisdiction to convict him when it failed to determine on its own that a competency hearing was required pursuant to K.S.A. 22-3302 and then suspend the trial pending resolution of the competency issue.

The State filed a written response to the motion, asserting that a motion to correct an illegal sentence cannot be used to collaterally attack a conviction. See *State v. Davis*, 283 Kan. 767, 770, 156 P.3d 665 (2007). The district court summarily denied Donaldson's motion, and Donaldson filed a timely notice of appeal.

USE OF MOTION TO CORRECT AN ILLEGAL SENTENCE
FOR ALLEGED VIOLATIONS OF K.S.A. 22-3302

To reiterate, we are not presented with a motion under K.S.A. 60-1507 that challenges the legality of Donaldson's convictions. Donaldson has taken at least two bites from that apple. Rather, we are presented with a challenge to the legality of Donaldson's

4

*sentences*, because K.S.A. 22-3504(1) states that a "court may correct an illegal sentence at any time." For purposes of that statute, we have defined an illegal sentence as

> "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

Donaldson claims his sentences fit within the first category because the district court lost jurisdiction to continue his prosecution when it failed to follow the procedures for determining competency under K.S.A. 22-3302.

*Standard of Review*

We review a district court's summary denial of a motion to correct an illegal sentence de novo. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014). Similarly, whether a sentence is illegal is a question of law over which this court has unlimited review. 299 Kan. at 801.

*Analysis*

The relevant portion of K.S.A. 22-3302(1) on which Donaldson relies provides that "[i]f . . . upon the judge's own knowledge and observation, the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent to stand trial the proceedings *shall be suspended* and a hearing conducted to determine the competency of the defendant." (Emphasis added.) Donaldson argues that the district court should have *sua sponte* suspended the proceedings and conducted a hearing to determine his competency. He claims that the failure of the trial court to take it upon its

own initiative to suspend his prosecution to conduct a competency hearing divested the district court of jurisdiction to impose sentence, thus rendering his sentences illegal. Donaldson manufactures his creative argument from our prior decisions in *State v. Murray*, 293 Kan. 1051, 271 P.3d 739 (2012), and *State v. Davis*, 281 Kan. 169, 130 P.3d 69, *cert. denied* 549 U.S. 823 (2006).

In *Davis*, the defendant filed a motion to correct an illegal sentence, arguing that his sentence was illegal because the district court lacked jurisdiction when it failed to suspend the proceedings once his competency to stand trial was in legitimate dispute. In that case, defense counsel filed a motion to determine competency, which was granted by the district court, but the competency hearing was never conducted. This court held that pursuant to the plain language of K.S.A. 22-3302(1), once a court finds there is reason to believe a defendant is incompetent, the proceedings must be suspended until such time as a competency hearing is conducted and a determination of competency is made. 281 Kan. at 177. The court concluded that because the proceedings should have been suspended until such time as competency was determined, the district court was without jurisdiction and the defendant's sentence was illegal. 281 Kan. at 180.

In *Murray*, the defendant filed a motion to correct an illegal sentence, arguing he did not undergo a competency hearing ordered by the trial judge after finding good cause to believe the defendant was incompetent to stand trial. The district court summarily dismissed the motion, believing that the issue had already been addressed in a prior K.S.A. 60-1507 motion. This court remanded the matter for an evidentiary hearing to determine whether Murray's factual assertion that he never received a competency hearing was, in fact, true. 293 Kan. at 1055. Relying on its holding in *Davis*, the court held that "[o]nce an order to determine competency is issued, a criminal prosecution must be suspended until competency is determined. . . . Failure to suspend prosecution until it

is decided that the defendant is competent to stand trial deprives the district court of jurisdiction for trial and sentencing." 293 Kan. at 1054.

Donaldson glosses over a conspicuous factual distinction. In both *Davis* and *Murray*, the district court ordered that the competency of the defendant to stand trial be determined. Statutorily, that means the court had to make the predicate finding "that there is reason to believe that the defendant is incompetent to stand trial." K.S.A. 22-3302(1). No such finding was made in this case and, therefore, under the plain language of the statute, the statutory directive to suspend the proceedings and conduct a hearing was not triggered.

Donaldson suggests that a prosecution must be suspended if a presiding judge should have noticed that a defendant might be incompetent to stand trial. But the statute requires that the judge make the requisite finding "that there is reason to believe that the defendant is incompetent to stand trial" before "the proceedings shall be suspended and a hearing conducted." K.S.A. 22-3302(1). The statutory reference to "the judge's own knowledge and observation" simply provides an alternative to a party's request for a determination of competency*, i.e.*, a judge can proceed to make the requisite finding for a competency determination without a party's request. Consequently, given that the mandate to suspend the proceedings did not arise in Donaldson's case because the requisite finding was never made by the presiding judge, the court could not have lost its jurisdiction to impose a sentence by failing to suspend the proceedings. His sentence was simply not illegal.

But before Donaldson loses on the merits of his claim, he is defeated by the procedural vehicle he chose to bring his competency challenge. We disapproved of using a motion to correct an illegal sentence recently in *Ford*. There, the defendant was charged with first-degree murder, aggravated robbery, and aggravated burglary. Prior to trial, he

7

filed a motion under K.S.A. 22-3302 to determine his competency to stand trial. The district court granted the motion and a mental health evaluation was conducted, wherein the examiner determined that Ford was competent. Although the district court received the evaluation, it appeared that a competency hearing was not held. The case proceeded, Ford pled guilty to the charges, and he was subsequently sentenced to consecutive prison terms.

Approximately 17 years later, Ford filed a motion to correct an illegal sentence, which was denied by the district court after conducting a hearing. On appeal, we first addressed the issue of whether Ford could use a motion to correct an illegal sentence to challenge his conviction. We conceded that pursuant to our holdings in *Davis* and *Murray*, Ford's motion to correct an illegal sentence would have appeared to be the appropriate procedural avenue to challenge his convictions. *Ford*, 2015 WL 4598831, at *6-7. But we noted that *Davis* and *Murray* appeared to conflict with a line of our cases which held that the relief available through a motion to correct an illegal sentence is correction of the sentence, not reversal of the conviction. *Ford*, 2015 WL 4598831, at *7. Recognizing that the emerging trend of caselaw undercut the legal support relied upon in *Davis*, we disapproved of *Davis*' statement that "'the district court had no jurisdiction' simply because of a procedural error based on the failure to suspend criminal proceedings until a competency hearing was conducted." *Ford*, 2015 WL 4598831, at *7. We therefore concluded that "[w]ithout the underlying predicate of a lack of jurisdiction, Ford, who relied solely on a lack of jurisdiction as the basis for his motion, may no longer pursue the procedural remedy of a motion to correct an illegal sentence." 2015 WL 4598831, at *9. In other words, we held, "if a district court violated K.S.A. 22-3302 by failing to suspend criminal proceedings and conduct a competency hearing after finding reason to question the defendant's competency, the error alleged is procedural and not jurisdictional and a motion to correct an illegal sentence is not an avenue through which

8

to reverse the conviction." 2015 WL 4598831, at *9. That rationale is even more compelling in the circumstance, as here, where the presiding district judge did not even make the requisite finding that there was reason to question the defendant's competency.

*Ford*'s holding would control this case. See *State v. Mitchell*, 297 Kan. 118, 124-25, 298 P.3d 349 (2013) (change in caselaw acts prospectively, applying "'to all cases . . . pending on direct review or not yet final'") (quoting *State v. Berry*, 292 Kan. 493, 514, 254 P.3d 1276 [2011]). Therefore, pursuant to *Ford*, Donaldson may not utilize a motion to correct an illegal sentence to challenge the trial court's alleged failure to comply with K.S.A. 22-3302. "[M]ovants seeking to reverse a conviction because of an alleged violation of K.S.A. 2014 Supp. 22-3302 must utilize the procedures in K.S.A. 60-1507 or be subject to summary dismissal." *Ford*, 2015 WL 4598831, at *9.

Furthermore, although we have, at times, treated pro se motions to correct an illegal sentence as K.S.A. 60-1507 motions, we decline to do so here. See *State v. Swisher*, 281 Kan. 447, 449, 132 P.3d 1274 (2006). A K.S.A. 60-1507 motion "is not typically an acceptable vehicle for a nonconstitutional claim of error that could have been addressed on a direct appeal." 281 Kan. at 449. Donaldson has already filed a direct appeal in this case and two motions pursuant to K.S.A. 60-1507 without making any challenge to the district court's alleged failure to comply with K.S.A. 22-3302. If he had attempted a K.S.A. 60-1507 challenge, it would have been denied. See *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (court not required to consider successive motions).

The bottom line is that the district court did not err in summarily denying Donaldson's pro se motion to correct an illegal sentence under K.S.A. 22-3504.

Affirmed.