IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,540

STATE OF KANSAS,
*Appellee*,

v.

CHARLES L. JONES,
*Appellant.*

SYLLABUS BY THE COURT

An alleged violation of K.S.A. 22-3302 by failure to suspend criminal proceedings to conduct a competency hearing after finding reason to question a criminal defendant's competency raises a procedural not a jurisdictional issue, and it, therefore, will not support a motion to correct an illegal sentence.

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed December 18, 2015. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, argued the cause and was on the briefs for appellant.

*Jerome A. Gorman*, district attorney, argued the cause, and *Derek Schmidt,* attorney general*,* was with him on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Charles L. Jones appeals from the denial of his motion to correct an illegal sentence following his conviction and sentence for first-degree murder. He argues that the failure on the part of the trial court to order *sua sponte* a competency examination

1

rendered his sentence illegal. Because his claim is procedural, not jurisdictional, he cannot prevail in his claim that his sentence was illegal.

In 2000, at the age of 18, Jones was convicted as an adult for a 1998 murder. He took a direct appeal of that conviction, arguing through counsel that the failure of the State to notify his parents that he would be tried as an adult violated due process, that the evidence did not support prosecuting him as an adult, that the trial court improperly limited his cross-examination of an accomplice, and that the prosecutor committed misconduct in making certain statements during closing argument. He raised additional arguments in a pro se supplemental brief, including claims of ineffective assistance of counsel and various other suggestions of impropriety on the part of the court and the prosecutor. This court affirmed the conviction in *State v. Jones*, 273 Kan. 756, 47 P.3d 783, *cert. denied* 537 U.S. 980 (2002).

A procession of collateral challenges to the conviction ensued.

In 2004, Jones filed a pro se motion seeking relief under K.S.A. 60-1507. He alleged ineffective assistance of counsel at his juvenile waiver hearing. The trial court denied the motion following an evidentiary hearing. The Court of Appeals affirmed the denial, finding that, although trial counsel in fact provided deficient assistance based on a failure to present any evidence to rebut the statutory presumption that he be tried as an adult, the deficiency was harmless because the factors weighing in favor of adult prosecution were so strong that it was not reasonably probable that any evidence on his behalf would have changed the outcome. *Jones v. State*, No. 99,370, 2009 WL 863106 (Kan. App. 2009) (unpublished opinion), *rev. denied* 289 Kan. 1279 (2010).

In 2009, Jones filed a motion to correct an illegal sentence, arguing that the juvenile waiver proceedings were defective because the complaint did not provide his

parents with notice of the charges, his right to counsel, or the waiver hearing; the service of the copy of the complaint was defective; and the prosecution failed to provide adequate constitutional safeguards. The district court denied the motion, and this court affirmed, holding that a motion to correct an illegal sentence is inappropriate to challenge procedural defects in the prosecution of a juvenile as an adult. *State v. Jones*, 292 Kan. 910, 916, 257 P.3d 268 (2011), *cert. denied* 132 S. Ct. 1097 (2012).

On November 1, 2012, Jones filed another petition for collateral relief. He alleged ineffective assistance of trial counsel due to a breakdown of communication, ineffective assistance of counsel due to his attorney's failure to request a competency hearing to determine whether he suffered from a juvenile personality disorder, and denial of due process because he was convicted while mentally incompetent.

Although Jones captioned his petition "Motion to Correct Illegal Sentence," the district court apparently decided that the motion could also be deemed a collateral challenge under K.S.A. 60-1507. It assigned both a civil case number—12CV1601—and a criminal case number—1998CR1731A—to the pleading. In separate orders, the district court summarily denied the motion. In the civil case, the court relied on K.S.A. 60-1507 to deny the motion, determining that the pleading was both untimely and successive. In the criminal case, the district court dismissed the motion, ruling that it had been under no obligation to interrupt the trial *sua sponte*.

Jones filed two notices of appeal, one to the Court of Appeals from the civil decision and one to this court from the criminal caption. The Court of Appeals affirmed, finding the petition untimely and successive and any asserted error harmless. *Jones v. State*, No. 109,713, 2014 WL 1363267 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. ___ (March 12, 2015). Jones has thus received two judgments and two appeals from one district court pleading.

In his appeal to this court, Jones argues that, at the time of his trial, he was a juvenile who suffered from a mental defect that rendered him incompetent to comprehend fully the nature and possible consequences of the charges against him, and his conviction amounted to a denial of due process. This court has recently addressed this very issue in *State v. Donaldson*, 302 Kan. ___, 355 P.3d 689 (2015), which controls the outcome of this appeal.

Jones argued in his pleading to the district court that the court was required to suspend proceedings once his competence to stand trial came into question. The district court summarily denied his motion. This court reviews under a de novo standard the summary denial of a motion to correct an illegal sentence. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014). Whether a sentence is illegal is a question of law over which this court exercises unlimited review. 299 Kan. at 801. A sentence is illegal under K.S.A. 22-3504 if it is imposed by a court without jurisdiction, if it does not conform to the applicable statutory provision either in the character or the term of authorized punishment, or if it is ambiguous with respect to the time and manner in which it is to be served. *Donaldson*, 302 Kan. at ___, 355 P.3d at 691-92.

In *State v. Ford*, 302 Kan. ___, Syl. ¶ 4, 353 P.3d 1143 (2015), this court held that a motion to correct an illegal sentence is foreclosed as a mechanism for correcting a procedural competency claim. That decision specifically held that "future movants cannot use a motion to correct an illegal sentence to claim a violation of K.S.A. 22-3302." 353 P.3d at 1147.

In *Donaldson*, 302 Kan. ___, 355 P.3d 689, this court considered circumstances strikingly similar to those in the present case. Donaldson's murder conviction was affirmed on direct appeal. He then filed a couple of K.S.A. 60-1507 motions, which were

denied, and the district court was affirmed by the Court of Appeals. After unsuccessfully seeking federal habeas corpus relief, Donaldson next filed in state court a motion to correct an illegal sentence, alleging for the first time that he had not been competent to stand trial and the district court therefore had no jurisdiction to convict him when it failed to require *sua sponte* a competency hearing. On appeal, this court analyzed the competency statute, K.S.A. 22-3302(1), and determined that the sentence was not illegal. 355 P.3d at 692-93.

The court went on to determine that, pursuant to *Ford*, Donaldson's claim of error was procedural, not jurisdictional. 355 P.3d at 693. The court concluded that Donaldson could not utilize a motion to correct an illegal sentence to challenge the trial court's alleged failure to comply with K.S.A. 22-3302. 355 P.3d at 693-94. The court also noted that it would not benefit Donaldson to treat his pleading as a K.S.A. 60-1507 motion because he had failed to raise the competency issue in either his direct appeal or his two previous K.S.A. 60-1507 motions. 355 P.3d at 694.

The decisions in *Ford* and *Donaldson* are consistent with the decision in Jones' prior illegal sentence claim before this court, where we held that the procedural errors that he asserted at that time would not give rise to an illegal sentence. Although he did not raise the competency argument at that time, he asserted other defects in the juvenile proceeding and subsequent trial as an adult. This court noted that Jones had failed to establish a due process violation that would have deprived the district court of jurisdiction and, consequently, there was no basis for finding that he had received an illegal sentence. *Jones*, 292 Kan. at 916.

Based on *Ford*, *Donaldson*, and this court's prior decisions in Jones' own appeals, Jones cannot obtain the relief that he seeks through a motion to correct illegal sentence. The judgment of the district court is affirmed.