NOT DESIGNATED FOR PUBLICATION

No. 112,697

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLON D. MCGINN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed February 26, 2016. Reversed and remanded with directions.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

*Per Curiam*: Carlon D. McGinn appeals the district court's denial of his motion to correct illegal sentence. The district court denied McGinn's motion solely on the ground that invited error precluded the challenge because McGinn had stipulated to his criminal history at sentencing. This finding was erroneous because our Supreme Court has held that a stipulation to criminal history at sentencing does not preclude a later claim that a prior conviction was improperly classified as a person or nonperson crime for criminal history purposes. *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015), *petition*

1

*for cert. filed* September 17, 2015. For the first time on appeal, the State requests this court to consider the merits of McGinn's motion to correct illegal sentence, but we decline to do so for the reasons stated herein. Thus, we remand to district court to conduct a hearing on the merits of McGinn's motion.

On March 25, 2003, pursuant to a plea agreement, McGinn pled guilty to one count of rape and one count of aggravated criminal sodomy. The presentence investigation (PSI) report showed a 2001 Colorado conviction for menacing, which was classified as a person felony. Based on the menacing conviction and other convictions, the PSI report indicated a criminal history score of B. At the sentencing hearing on May 22, 2003, McGinn challenged the classification of a 1996 Kansas burglary conviction as a person crime, but he withdrew that challenge after the State presented evidence supporting the classification. McGinn had no other objection to his criminal history score. The district court imposed a controlling sentence of 554 months' imprisonment.

On November 14, 2013, McGinn filed a pro se motion to correct illegal sentence pursuant to K.S.A. 22-3504(1) challenging the person classification of the Colorado menacing conviction. McGinn attached various documents to his motion, including police reports filed in conjunction with the Colorado conviction, a letter from a Colorado public defender explaining that Colorado did not classify crimes as "against or not against a person," the PSI report prepared for his 2003 Kansas conviction, the Colorado statute defining the crime of menacing, and the Kansas statute defining the crimes of criminal threat and aggravated criminal threat.

The State filed a response to McGinn's motion. In the response, the State noted that McGinn had not objected at sentencing to his criminal history and there was a split in Kansas appellate authority as to whether the failure to object precluded a later challenge to classification of prior convictions for the purpose of determining the defendant's criminal history score. The State urged the district court to follow decisions that held the

2

failure to object implicated the invited error doctrine and barred later challenges. In the alternative, the State asked the district court to schedule a hearing on the motion.

The district court appointed counsel for McGinn and counsel filed a brief in support of the motion to correct illegal sentence. The brief was confined to the issue of whether invited error barred the motion. The district court held a hearing on McGinn's motion on May 13, 2014. After hearing argument, the district court denied the motion to correct illegal sentence solely on the ground that invited error precluded the motion because McGinn had agreed with his criminal history score at sentencing. The district court did not reach the merits of McGinn's motion to correct illegal sentence. McGinn timely appealed the denial of his motion.

"We review a district court's summary denial of a motion to correct an illegal sentence de novo. [Citation omitted.]" *State v. Donaldson*, 302 Kan. 731, 734, 355 P.3d 689 (2015). On appeal, McGinn and the State agree that the district court erred by finding that the invited error doctrine precluded consideration of McGinn's motion to correct illegal sentence. After McGinn filed his appellate brief but before the State filed its brief, our Supreme Court in *Dickey* resolved the split in authority that existed at the time the district court ruled on the issue. Our Supreme Court stated:

> "[A] defendant's stipulation or failure to object at sentencing will prevent the defendant
> from later challenging the existence of the convictions listed in his or her criminal
> history. But a stipulation or lack of an objection regarding how those convictions should
> be classified or counted as a matter of law for the purpose of determining the defendant's
> criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1)
> of his or her prior convictions. [Citation omitted.]" *Dickey*, 301 Kan. at 1032.

McGinn did not stipulate at sentencing to the facts surrounding his Colorado menacing conviction; he stipulated only to the legal conclusion that the conviction was a person felony. Thus, under *Dickey*, the district court erred in denying McGinn's motion to

3

correct illegal sentence based solely on his stipulation at sentencing. McGinn now asks this court to remand to the district court to hold a hearing on the merits of the motion—whether the Colorado conviction was properly classified as a person felony.

The State argues that because this court may affirm a district court as being right for the wrong reason, we should consider the merits of McGinn's motion for the first time on appeal. The State contends that because McGinn's Colorado conviction was, in fact, a person crime, the district court did not err in denying McGinn's motion to correct illegal sentence, even though the district court based the denial on erroneous grounds. See *State v. Noyce*, 301 Kan. 408, 411, 343 P.3d 105 (2015) (affirming district court's summary dismissal of a motion to correct an illegal sentence despite an incorrect basis for the ruling). In his reply brief, McGinn responds that it would be improper for this court to consider the merits of his argument because the district court never did so.

We side with McGinn that it would be inappropriate for this court to address the merits of the motion to correct illegal sentence for the first time on appeal. The State asserts that the district court was "right for the wrong reason," but the application of this doctrine is inappropriate here. In *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 4, 176 P.3d 144 (2008), our Supreme Court explained the doctrine as follows: "While an appellee must present adverse rulings to the appellate court through a cross-appeal, it may present through its appellee brief any matters for affirming the judgment that *were raised before*, but unaddressed by, the district court." (Emphasis added.)

Here, the State did not develop any argument before the district court that McGinn's motion was fatally flawed on its merits. The State's focus in the district court was on invited error. Even in its initial response to McGinn's motion, the State did not contest the merits of McGinn's claim. Instead, the State merely argued that if the district court did not apply the invited error doctrine to deny the motion, the district court should schedule the motion for a hearing. The brief filed by McGinn's counsel in district court

4

likewise was confined to the issue of whether invited error barred the motion. Thus, it would be incorrect for this court to find that the merits of McGinn's motion were raised before, but unaddressed by, the district court, so as to allow us to properly consider whether the district court was "right for the wrong reason" in denying the motion

There has been little to no development of the merits of McGinn's motion in either district court or on appeal. The district court limited its ruling to the invited error doctrine and never heard arguments on the merits of the issue. On appeal, McGinn limited his initial brief to the invited error issue. In its response brief, the State improperly argued that the district court was right for the wrong reason. Although McGinn could have addressed the substance of the argument in his reply brief, his appellate counsel chose not to do so. Under the circumstances, we do not have proper argument before us to address the merits of McGinn's motion to correct illegal sentence for the first time on appeal. Instead, we remand to the district court to schedule a hearing on the merits of McGinn's motion, which was the alternative relief requested by the State in the first place.

Reversed and remanded with directions.