NOT DESIGNATED FOR PUBLICATION

No. 114,089

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GABRIEL L. WILLIAMS-SALMERON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 30, 2016. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.


*Per Curiam*: Defendant Gabriel L. Williams-Salmeron appeals the ruling of the Saline County District Court denying his motion to correct sentences he contends were impermissibly imposed on him because the court lacked subject-matter jurisdiction. We disagree with Williams-Salmeron's jurisdictional arguments and, therefore, affirm.

Given the issue on appeal, we dispense with a detailed account of the underlying crimes and summarize those facts and the procedural history. Williams-Salmeron, then 19 years old, had sexual relations with a 15-year-old girl multiple times while they were

"dating" for several months. The girl became pregnant. After being charged with the felony sex offenses, Williams-Salmeron repeatedly violated a protective order by contacting the girl. Based on an agreement with the State, Williams-Salmeron pleaded guilty to two counts of indecent liberties with a child, a felony offense, and two counts of violating a protective order, a misdemeanor. The agreement included a joint recommendation to the district court for standard guidelines sentences on the felonies to run concurrently and 12-month jail sentences on each of the misdemeanors to be served concurrently with each other and the felonies.

The district court accepted Williams-Salmeron's plea in February 2014 and scheduled a sentencing hearing for April. Williams-Salmeron remained free on bond.

Before the sentencing hearing, Williams-Salmeron suffered a serious head injury in a motor vehicle accident. He was in a coma for more than a week and went through a rehabilitation program after that. The sentencing was continued as Williams-Salmeron recuperated from his injuries. In the meantime, another district court judge granted a probate petition requesting appointment of a guardian for Williams-Salmeron to oversee his care, treatment, and related matters. See K.S.A. 2015 Supp. 59-3058 (petition for guardianship); K.S.A. 2015 Supp. 59-3075 (duties of guardian).

At a status hearing in the criminal case in October 2014, Williams-Salmeron's lawyer requested a competency determination for her client. The district court granted the request while noting it had seen nothing to suggest Williams-Salmeron was incapable of assisting his lawyer or unable to understand the nature of the judicial proceedings. See K.S.A. 22-3301(1) (defining incompetency to stand trial in criminal prosecution). A licensed clinical social worker conducted the competency examination at a local mental health clinic and issued a report finding Williams-Salmeron to be competent to be sentenced or to otherwise proceed in the criminal case.

Williams-Salmeron's lawyer did not object to the manner in which the competency examination was done and offered no evidence to dispute the report's conclusion. The district court found Williams-Salmeron competent within the meaning of K.S.A. 22-3301(1). At sentencing, the district court imposed a prison term of 36 months on Williams-Salmeron on the first count of the sex crimes and 32 months on the second count to be served concurrently, consistent with the plea recommendation. The district court, however, ordered the 12-month jail sentences on the misdemeanors to be served concurrently with each but consecutively to the felony sentences, resulting in a controlling period of incarceration of 48 months.

After his sentencing, Williams-Salmeron hired a new lawyer. Although Williams-Salmeron had already filed a notice of appeal, his new lawyer filed a motion in the district court to correct an illegal sentence, as provided in K.S.A. 22-3504(1). The district court denied the motion, and Williams-Salmeron filed a notice of appeal from that ruling.

For his only points on appeal, Williams-Salmeron reprises the arguments he presented to the district court in support of his motion to correct an illegal sentence. He contends the district court lacked subject-matter jurisdiction to sentence him, thereby rendering the sentences themselves illegal and, thus, void. The Kansas Supreme Court has recognized that a sentence is illegal within the meaning of K.S.A. 22-3504(1) if the district court lacked jurisdiction over the proceedings. *State v. Jones*, 303 Kan. 452, 454, 362 P.3d 595 (2015); *State v. Donaldson*, 302 Kan. 731, 733-34, 355 P.3d 689 (2015). Williams-Salmeron's jurisdictional arguments present questions of law we review without deference to the district court. See *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015) (subject-matter jurisdiction presents question of law subject to de novo review).

First, Williams-Salmeron contends the district court lost jurisdiction of the criminal case because the competency examination was not done in conformity with the statutory requirements in K.S.A. 2015 Supp. 22-3302. He says the examination could not

3

have been conducted at a local mental health facility or by a licensed clinical social worker. We need not and do not take up the substance of the purported statutory deficiencies Williams-Salmeron alleges. Even if Williams-Salmeron were correct about who should have performed the examination or where it should have been done, that would not have deprived the district court of subject-matter jurisdiction over the criminal case, including sentencing. See *State v. Ford*, 302 Kan. 455, 467, 353 P.3d 1143 (2015).

In *Ford*, the court recognized that the failure to follow the statutory requirements for competency determinations laid out in K.S.A. 22-3302 may constitute procedural defects but any such defect would not create a jurisdictional bar. 302 Kan. at 467. Williams-Salmeron has not argued—nor has he offered evidence, such as an expert opinion from a psychiatrist or psychologist—that he actually was unable to assist his lawyer at the sentencing or that he didn't understand the proceedings. Rather, he contends the district court ordered a competency examination that did not satisfy the procedural requirements of K.S.A. 2015 Supp. 22-3302. Consistent with *Ford*, any such problem would not undermine the district court's jurisdiction.

Williams-Salmeron, therefore, cannot rely on a motion to correct an illegal sentence to challenge the criminal proceedings, since the motion must be predicated on a lack of jurisdiction. (There are other ways a sentence may be illegal under K.S.A. 22-3504(1). But they are inapplicable here, and Williams-Salmeron has not based his argument on them.) In short, the court's reasoning in *Ford* undercuts Williams-Salmeron's contention that his sentences must be set aside because of how the competency examination was done.

Alternatively, Williams-Salmeron contends that the probate proceeding in which a guardian was appointed for him deprived the district court of subject-matter jurisdiction to proceed with the criminal case and, in particular, the sentencing. We disagree. The

4

argument depends upon a misapprehension about the breadth of district court jurisdiction following court unification in 1977.

Before unification, various specialized courts exercised exclusive jurisdiction over particular kinds of proceedings. And district courts had no subject-matter jurisdiction to hear cases within those areas of the law. Probate matters, including the appointment of guardians, were entrusted to special probate courts. *In re Estate of Heiman*, 44 Kan. App. 2d 764, 766-68, 241 P.3d 161 (2010) (discussing impact of court unification particularly regarding probate proceedings). Unification eliminated those specialized courts and expanded district court jurisdiction to those areas. As a result of unification, district courts exercise subject-matter jurisdiction over all civil and criminal actions, including probate proceedings. See K.S.A. 20-301; *In re Estate of Heiman*, 44 Kan. App. 2d at 766-68. In other words, district courts now have subject-matter jurisdiction to hear both probate and criminal matters.

Accordingly, the imposition of a guardianship in a probate proceeding would not deprive a district court of subject-matter jurisdiction over a criminal case filed against the ward of the guardianship. As a result, Williams-Salmeron's motion to correct an illegal sentence could not have been properly based on a lack of subject-matter jurisdiction over the criminal prosecution.

Having examined Williams-Salmeron's arguments, we find the district court had subject-matter jurisdiction to sentence Williams-Salmeron. The district court, therefore, correctly denied the motion to correct an illegal sentence.

Affirmed.