NOT DESIGNATED FOR PUBLICATION

No. 114,595

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEITH L. CRAWFORD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed March 31, 2017. Affirmed.

*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.


*Per Curiam*: Keith L. Crawford appeals the district court's decision denying his motion to correct an illegal sentence. Crawford argues: (1) the district court erred when it denied his motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016); and (2) K.S.A. 2015 Supp. 21-6810 violates the Ex Post Facto Clause of the United States Constitution. For the reasons stated below, we find no merit in Crawford's claims and affirm.

FACTS AND PROCEDURAL BACKGROUND

On the basis of events occurring on October 17, 1996, the State charged Crawford with rape, a severity level 1 person felony, and aggravated burglary, a severity level 5 person felony. At the conclusion of Crawford's trial, the jury found him guilty of the rape and acquitted him of aggravated burglary. The presentence investigation report showed 18 prior convictions, all as an adult, including five nonperson felonies, two person misdemeanor battery convictions, and one person misdemeanor conviction for sexual battery. Following K.S.A. 21-4711(a) (Furse 1995), the three person misdemeanors converted to one person felony, and a criminal history category of "C" was determined.

Crawford filed a motion objecting to his criminal history, and the State filed its motion for an upward durational departure. The district court rejected Crawford's motion and granted the State's, sentencing Crawford to 644 months in prison.

In August 2014, Crawford filed a pro se motion to correct illegal sentence, followed by a second motion in November 2014 filed by counsel, seeking relief under *Murdock*. The State responded to Crawford's motions with the argument that *Murdock* applied only to out-of-state convictions that preceded the effective date of the Kansas Sentencing Guidelines Act (KSGA), and Crawford's convictions were all in-state.

Ruling on the basis of the motions and response, the district court found that *Murdock* did not affect Crawford's criminal history score and denied Crawford's motion. Crawford timely appealed.

ANALYSIS

Crawford now raises two claims of error by the district court. First, he argues that *Murdock* requires recalculation of his criminal history and resentencing. Second, he

2

contends that K.S.A. 2015 Supp. 21-6810, which overruled *Murdock* statutorily, violates the Ex Post Facto Clause of the United States Constitution.

Under K.S.A. 22-3504, a court may correct an illegal sentence at any time. The Kansas Supreme Court has strictly defined what constitutes an illegal sentence; a sentence is illegal only if it fits within one of three categories: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in the character or term of the authorized punishment; or (3) it is ambiguous about the time or manner in which it is to be served. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016); *State v. Donaldson*, 302 Kan. 731, 733-34, 355 P.3d 689 (2015); *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. LaBelle*, 290 Kan. 529, 532, 231 P.3d 1065 (2010).

Crawford first asks us to apply the holding in *Murdock* to find that his criminal history was improperly calculated. In *Murdock*, the Kansas Supreme Court held that out-of-state crimes committed before enactment of the KSGA must be classified as nonperson offenses for criminal history purposes. 299 Kan. 312, Syl. ¶ 5. However, as Crawford concedes, our Supreme Court expressly overruled *Murdock* while his motion to correct an illegal sentence was pending. See *Keel*, 302 Kan. 560, Syl. ¶ 9. In *Keel*, the Supreme Court held that to designate a pre-KSGA conviction as a person or nonperson crime in the criminal history, the court must "compar[e] the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute. . . . [T]he comparable post-KSGA criminal statute is the one that was in effect at the time the current crime of conviction was committed." 302 Kan. at 581.

Crawford's rape conviction was based on his acts in October 1996. His three pre-KSGA misdemeanors—which were converted to a person felony for calculating his criminal history score—were two convictions for battery and one for sexual battery.

3

Those pre-KSGA crimes had comparable post-KSGA crimes in October 1996, each classified as a person crime. There was no error, therefore, in the calculation of Crawford's criminal history score.

Crawford acknowledges that *Keel* overruled *Murdock* but asks that we "reconsider that decision and its analysis." We are duty bound to follow the Supreme Court's precedent when there is no indication that it is departing from its position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128 (2015). Crawford suggests no basis for us to entertain the idea that the Supreme Court is departing from its position in *Keel*.

As his second claim of error, Crawford contends the retroactive application of the 2015 amendments to K.S.A. 2014 Supp. 21-6810 violate the Ex Post Facto Clause of the United States Constitution. See House Bill 2053, L. 2015, ch. 5, secs.1-5 (effective April 2, 2015). Relevant to our analysis, the legislation amended K.S.A. 2014 Supp. 21-6810(d)(5) to state: "Prior misdemeanors for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed." The amended statute also added subsection (e), specifying: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively."

Crawford argues that the retroactive application of K.S.A. 2015 Supp. 21-6810, as amended, increased his sentence by altering the formula used to calculate the applicable sentencing range, which violated his rights under the Ex Post Facto Clause. Crawford claims the statute in effect at the time of his offense, as interpreted by the Kansas Supreme Court in *Murdock* and *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), required his pre-KSGA convictions to be classified as nonperson crimes.

4

The Supreme Court's decision to overrule *Murdock* in *Keel* negates any authority that *Murdock* could have lent to Crawford's arguments. Further, the holding in *Keel* was made independent of the amendments to the statute. Accordingly, *Keel* provides a basis to decide the issue without considering the question of retroactive application of the statutory amendments.

In *Keel*, the court resolved Crawford's argument adversely to his position, holding that "classifying a prior conviction or juvenile adjudication based on the classification in effect for the comparable offense when the current crime was committed complies with the Ex Post Facto Clause of the United States Constitution." 302 Kan. at 589.

Since Crawford's criminal history was correctly determined, the district court did not commit error when it denied Crawford's motion to correct an illegal sentence.

Affirmed.