NOT DESIGNATED FOR PUBLICATION

No. 117,485

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEITH GREGORY ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed February 2, 2018. Vacated in part and remanded with directions.

*Andrew E. Werring*, of Werring Law Office LLC, of Atchison, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: Keith Gregory Allen appeals his conviction of battery, claiming that the district court erred in failing to suspend proceedings and hold a competency hearing pursuant to K.S.A. 2016 Supp. 22-3302. For the reasons stated herein, we agree, at least in part, with Allen's claim and remand for further proceedings.

On June 13, 2016, the State charged Allen with one count each of robbery, intimidation of a witness, and domestic battery. The State later amended the domestic battery charge to simple battery. At a hearing on June 27, 2016, pursuant to what appears

1

to have been a very favorable plea agreement for Allen, he pled guilty to the charge of simple battery and the State dismissed the other charges.

On July 21, 2016, Allen filed a motion through his counsel to set aside his guilty plea. In that motion, Allen explained that he wished to withdraw his guilty plea because he "believe[d] he did nothing wrong." Allen's counsel later asked to withdraw from the case, and the district court granted this request and appointed new counsel for Allen.

On March 22, 2017, the district court held a hearing on Allen's motion to withdraw his guilty plea. After arriving 25 minutes late for the hearing, Allen took the stand and testified in an attempt to withdraw his plea. Initially during his direct examination, Allen appeared confused about the charges against him, possibly because of the number of different cases pending against him in district court. But after counsel reminded him which case was at hand, Allen appeared to understand the proceedings taking place.

Allen testified that he never actually wanted to plead guilty to the battery charge. He went on to say that he never did anything wrong and that he felt rushed and frightened into pleading guilty. Allen also claimed that he told his previous attorney that he did not want to plead guilty. Finally, Allen claimed that he only answered "yes" to the judge's questions at the plea hearing because his previous attorney had told him to do so.

The State did not cross-examine Allen. The district court questioned him, though, and read to Allen from the transcript of his plea hearing. Allen admitted that the court read all of his answers correctly. However, Allen claimed that during the prior hearing he had stated he did not want to plead guilty to battery.

After Allen completed his testimony, the district court asked Allen's counsel if he had any further evidence to present on the motion to withdraw the plea. Defense counsel responded that he had no further evidence, but at that point, he stated that he

2

"question[ed] the competency level" of Allen based on his confusing testimony at the hearing and also based on counsel's conversations with Allen before the hearing. The district court then asked whether anyone had filed a motion to determine Allen's competency. Defense counsel responded: "I anticipate filing one." The district court said it would be happy to consider such a motion when it was filed.

The district court then turned to the motion to withdraw plea. Using the factors set out in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), the district court found that Allen was represented by competent counsel, that Allen was never misled or coerced, and that Allen understood the proceedings when he pled guilty. Thus, the district court denied Allen's motion to withdraw his plea.

After denying the motion, the district court asked the parties if they were ready to proceed to sentencing. The record on appeal does not reflect whether the case was actually scheduled for sentencing that day. The State and defense counsel indicated that they were ready to proceed, but Allen expressly stated that he was not ready to proceed. Without asking Allen why he was not ready to proceed, the district court indicated that it would not continue the case any further, and the court proceeded to sentencing. Based upon the State's recommendation, the district court sentenced Allen to six months in the Atchison County Jail. The following day, Allen filed his notice of appeal.

On appeal, Allen presents a procedural competency claim. In particular, Allen claims that when his counsel raised the issue of whether he was competent at the hearing on the motion to withdraw plea, the district court should have suspended the proceedings for a competency hearing. Allen contends that the district court committed reversible error and asks this court to reverse his conviction and remand for a competency hearing.

The State contends that the district court did not err when it proceeded to sentencing in the absence of a motion to determine competency. The State asserts that

3

there was no sufficient reason for the district court to be concerned about Allen's competency, so in the absence of a formal motion to determine competency, Allen's statutory rights were not violated.

We begin by finding that we have jurisdiction over Allen's appeal. K.S.A. 2016 Supp. 22-3602(a) broadly prohibits an appeal "from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere." However, this statute does not preclude a defendant who has pled guilty or nolo contendere from taking a direct appeal from the district court's denial of a motion to withdraw the plea. *State v. Solomon*, 257 Kan. 212, 218-19, 891 P.2d 407 (1995). Because Allen filed a motion to withdraw his guilty plea, which the district court denied, we have jurisdiction over this appeal.

We also find that Allen's competency issue is properly preserved for appeal. Although Allen never filed a formal motion to determine competency, the issue certainly was raised in his final hearing in district court. Moreover, our Supreme Court has held that competency can be challenged for the first time on appeal because the issue involves due process and compliance with K.S.A. 2016 Supp. 22-3302. *State v. Foster*, 290 Kan. 696, 702, 233 P.3d 265 (2010).

Resolution of Allen's claim on appeal requires interpretation of K.S.A. 2016 Supp. 22-3302. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Due process prohibits the criminal prosecution of an incompetent person. *State v. Woods*, 301 Kan. 852, 857, 348 P.3d 583 (2015) (citing *Medina v. California*, 505 U.S. 437, 453, 112 S. Ct. 2572, 120 L. Ed. 2d 353 [1992]). A criminal defendant may not be tried unless he or she has the ability to consult with a lawyer and a factual understanding of the proceedings. See *State v. Barnes*, 293 Kan. 240, 256, 262 P.3d 297 (2011).

4

In Kansas, K.S.A. 22-3301 et seq. governs the competency of a defendant to stand trial. Pursuant to K.S.A. 22-3301(1), a person is deemed incompetent to stand trial when he or she is charged with a crime and, because of mental illness or defect, is unable to understand the nature and purpose of the proceedings or to make or assist in his or her defense. Although the statute expressly addresses a defendant's competency "to stand trial," the law is clear that a criminal defendant also must be competent for sentencing. See *State v. Hall*, 292 Kan. 862, 868, 257 P.3d 263 (2011).

K.S.A. 2016 Supp. 22-3302(1) provides:

"At any time after the defendant has been charged with a crime and before pronouncement of sentence, the defendant, the defendant's counsel or the prosecuting attorney may request a determination of the defendant's competency to stand trial. If, upon the request of either party or upon the judge's own knowledge and observation, the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent to stand trial the proceedings shall be suspended and a hearing conducted to determine the competency of the defendant."

According to this statute, all parties to the proceedings—including the defendant, the defendant's counsel, the State, and the court sua sponte—may raise the issue of the defendant's competency at any time after the State has filed charges but before pronouncement of the sentence. The statute provides that if the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent, the proceedings shall be suspended and a hearing conducted to determine the competency of the defendant. K.S.A. 2016 Supp. 22-3302(1).

Our Supreme Court has explained that the statutory directive to suspend the proceedings and conduct a hearing is triggered after the district court finds that there is reason to believe that the defendant is incompetent. In the absence of such a finding, the district court is not required to halt the proceedings for a competency hearing. *State v.*

5

*Donaldson*, 302 Kan. 731, 735-36, 355 P.3d 689 (2015). Stated differently, a court must first make the predicate finding "that there is reason to believe that the defendant is incompetent to stand trial" before the statute mandates a competency hearing and suspension of proceedings. K.S.A. 2016 Supp. 22-3302(1).

Returning to Allen's case, the State makes much of the fact that no written motion to determine Allen's competency was ever filed in district court. However, defense counsel certainly raised the issue at the motion to withdraw plea hearing by expressly stating that he "question[ed] the competency level" of Allen based on his confusing testimony at the hearing and also based on counsel's conversations with Allen before the hearing. When the district court asked if anyone had filed a motion to determine competency, defense counsel stated: "I anticipate filing one." The district court said it would be happy to consider such a motion when it was filed. But as we will discuss more in a moment, the district court never gave defense counsel a chance to file the motion.

As we have just discussed, K.S.A. 2016 Supp. 22-3302(1) requires the district court to find that there is reason to believe that the defendant is incompetent before the statute mandates a competency hearing and suspension of the proceedings. Here, the district court never made this specific finding. The problem as we see it, however, is that the district court failed to make *any* finding one way or another in response to the competency issue raised by defense counsel. Had the district court simply stated that based on its observations of Allen in the courtroom, it believed that Allen was competent to continue with the proceedings, such a finding may have been sufficient to address the issue raised by defense counsel. We would at least have a finding on the competency issue subject to review on appeal. Instead, the district court stated that it would be happy to consider a competency motion if one was ever filed, but then it did not give Allen's counsel time to file such a motion before proceeding directly with sentencing—and that's our main problem with how the district court handled the competency issue.

6

After the district court sidestepped the competency issue raised by defense counsel, it proceeded to deny Allen's motion to withdraw his plea. The district court then proceeded directly with sentencing even though Allen expressly stated that he was not ready to proceed with the sentencing hearing. The district court did not ask Allen why he was not ready to proceed, it simply indicated that it was not going to continue sentencing anymore. Once the sentencing hearing was completed, it was too late for Allen's counsel to file a competency motion as the statute expressly provides that such a motion must be filed "before pronouncement of sentence." K.S.A. 2016 Supp. 22-3302(1).

Under the unusual facts of Allen's case, we conclude that the district court failed to sufficiently comply with K.S.A. 2016 Supp. 22-3302(1) in the manner that it sidestepped Allen's competency issue. We disagree with Allen's claim that this error requires the reversal of his conviction. Instead, we need to remand for further proceedings and return the parties to the point where the competency issue was raised. Thus, we vacate Allen's sentence and set aside the district court's ruling on the motion to withdraw plea. In light of the fact that the district court stated that it would be happy to consider a competency motion when it was filed, we direct that defense counsel be permitted to file a motion to determine Allen's competency. Thereafter, the district court must follow the procedures set forth in K.S.A. 2016 Supp. 22-3302 in addressing the motion. That statute allows the district court to either summarily deny the motion or to suspend the proceedings and order a psychiatric or psychological examination of Allen to assist in determining his competency. Once Allen's competency is properly addressed, assuming he is found competent, the district court can proceed to rule again on the motion to withdraw plea and, assuming it is denied, proceed to sentence Allen for his battery conviction.

Vacated in part and remanded with directions.

7