No. 94,002

STATE OF KANSAS, *Appellee*, v. DONNIE RAY VENTRIS, *Appellant*.

(212 P.3d 162)

Opinion filed July 24, 2009.

ROSEN, J.: This case is before us on remand from the United States Supreme Court for further proceedings not inconsistent with its opinion in *Kansas v. Ventris*, 556 U.S. 586, 173 L. Ed. 2d 801, 129 S. Ct. 1841 (2009).

The factual and procedural details of the case are fully set out in our opinion in *State v. Ventris*, 285 Kan. 595, 176 P.3d 920 (2008), and will not be restated here. We reversed Ventris' convictions of aggravated robbery and aggravated burglary and remanded for a new trial, holding that the trial court committed reversible error when it admitted for impeachment purposes incriminating statements obtained from Ventris by a jailhouse informant surrep-

titiously planted by the State in Ventris' jail cell in violation of Ventris' Sixth Amendment right to counsel. The United States Supreme Court reversed and remanded in *Kansas v. Ventris*. Hence, this case is again before us. In accordance with the decision of the United States Supreme Court, we vacate our judgment reversing Ventris' convictions.

In his appeal, Ventris raised two other issues: (1) the admission of evidence of prior misconduct in violation of K.S.A. 60-455; and (2) the imposition of an enhanced sentence on the basis of prior convictions not proved to a jury beyond a reasonable doubt. See *State v. Ventris*, 285 Kan. at 596. We did not fully address those issues because we had reversed Ventris' convictions and remanded the case for a new trial. We must now address these two unresolved matters.

### Admission of other crimes evidence

The district court had allowed Ventris' girlfriend and accomplice, Rhonda Theel, to testify that Ventris had forcibly strip-searched her approximately 1 month before the events at issue in the case. Ventris objected, arguing that the evidence was inadmissible under K.S.A. 60-455. The district court disagreed, allowing the evidence independent of K.S.A. 60-455 under the concept of res gestae. 285 Kan. at 610.

In our original opinion, we addressed this issue on a limited basis, in order to provide guidance in the event the issue arose again on retrial. 285 Kan. at 608. We noted that after Ventris' trial, our decision in *State v. Gunby*, 282 Kan. 39, 144 P.3d 647 (2006), ended the practice of admitting evidence of other crimes or civil wrongs independently of K.S.A. 60-455. *Ventris*, 285 Kan. at 610. Thus, res gestae is no longer a valid independent legal basis for admitting evidence. *Ventris*, 285 Kan. at 610. However, because Ventris was entitled to a new trial on other grounds, it was unnecessary to determine whether the erroneous admission of other crimes evidence required reversal. 285 Kan. at 610.

In reviewing a claim concerning the erroneous admission of other crimes evidence, the appellate court must first determine whether the evidence would have been admissible if the district

court had correctly applied the K.S.A. 60-455 three-part test of admissibility set out in *Gunby*. *State v. Vasquez*, 287 Kan. 40, 52, 194 P.3d 563 (2008). Under this test, the court must examine whether the evidence is relevant to prove a material fact; whether that material fact is disputed; and whether the probative value of the evidence outweighs the potential for undue prejudice. See *State v. Reid*, 286 Kan. 494, 503, 186 P.3d 713 (2008).

The first question, then, is whether the evidence in question was relevant to prove a material fact. "[T]he concept of relevance under Kansas law includes both whether evidence is probative and whether it is material." *Vasquez*, 287 Kan. at 50. To be material, the fact proved must be significant under the substantive law of the case. *Vasquez*, 287 Kan. at 50. K.S.A. 60-455 lists several examples of facts that are per se material, *e.g.*, motive, intent, opportunity, knowledge. *Reid*, 286 Kan. at 507.

The State has argued that the strip-search incident was relevant because it was an example of the strange, unpredictable and "scary" things Ventris did during the course of their relationship that caused Theel to be afraid of him. This fear was what caused her to purchase a new gun for herself after Ventris took her .38 caliber revolver. The .38 caliber revolver was the gun used to kill Hicks.

Although Ventris' possession of Theel's .38 caliber revolver may arguably be a material fact, that is not the fact the strip-search evidence purports to prove. Instead, that evidence was purportedly probative of the fact that Theel was afraid of Ventris. Theel being in fear of Ventris does not tend to prove any element of the crimes charged. The State had to prove that Ventris entered Hicks' house without permission for the purpose of committing another felony, that Ventris took property from Hicks using force while armed with a dangerous weapon, and that Ventris killed Hicks in the course of robbing him. It also does not tend to prove, nor does the State argue it proves, any of the per se material facts listed in K.S.A. 60-455, such as motive, intent, or knowledge.

Even if Theel's fear of Ventris was a material fact, the evidence that Ventris strip-searched Theel fails the second step of the analysis, *i.e.*, whether the fact was in issue at trial. The relationship between Theel and Ventris was not disputed. More importantly,

Theel did not testify that she was following Ventris' orders when she went to Hicks' house, so the State did not need to demonstrate that Ventris dominated or scared Theel. Thus, the evidence does not establish any material fact in dispute and, therefore, it would not have been admissible under K.S.A. 60-455. Accordingly, we hold the district court erred by admitting the evidence.

The erroneous admission of K.S.A. 60-455 evidence does not automatically require reversal. "[T]he admission of K.S.A. 60-455 evidence without the explicit relevance inquiries, particularized weighing of probative value and prejudicial effect, or prophylactic limiting instruction is not inevitably so prejudicial as to require automatic reversal. On the contrary it may be harmless." *Gunby*, 282 Kan. at 57. Therefore, we must determine whether the admission of the strip-search evidence was harmless error under K.S.A. 60-261, which provides that error in the admission of evidence is not "ground for granting a new trial or for setting aside a verdict . . . unless refusal to take such action appears to the court inconsistent with substantial justice." K.S.A. 60-261; *State v. Boggs*, 287 Kan. 298, 318, 197 P.3d 441 (2008).

The Court of Appeals determined the admission of the strip-search evidence was harmless error, noting that "[t]here was abundant testimony to prove the charges against Ventris over and above the testimony about the disrobing incident." *Ventris*, slip op. at 7. We agree. First, the jury's acquittal of Ventris of the felony murder of Hicks indicates that it did not fully believe Theel's testimony. Second, Ventris' own testimony placed him inside Hicks' house wrestling with Hicks. That evidence was far more damaging than Theel's allegations about the strip-search. And last, as the panel found, the circumstantial evidence refuted Ventris' "along-for-the-ride" defense:

"This included the fact that Ventris had not slept for 2 days and had been doing drugs with Theel, who had heard that Hicks carried a lot of cash. Ventris never once questioned Theel about the strange arrangements she was making in preparation for going over to Hicks' residence *i.e.* the indirect route and asking someone else to drive there. Unquestionably, he went along voluntarily. By his own words, he later aided in Theel's escape. In addition, both Theel and Ventris stated the reason they went to Hicks' residence was to talk to him about child abuse allegations against him. It seems strange, if not very unusual, that two people with

innocent motives would go to the house of a stranger for such purposes. There is also the fact Holt saw Ventris pull a ski mask over his face before entering Hicks' residence." *Ventris*, slip op. at 7.

For these reasons we conclude that the erroneous admission of the other crimes evidence was harmless error.

### Sentencing issue

The last issue to be resolved is Ventris' argument that the use of his prior convictions in calculating his criminal history score without charging them in the complaint and proving them to a jury beyond a reasonable doubt violated his right to trial by jury under the Sixth and Fourteenth Amendment to the United States Constitution. Ventris acknowledges that this issue has already been decided adversely to him in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), but asserts it to preserve it for federal review. As we noted recently in *State v. Riojas*, 288 Kan. 379, 388, 204 P.3d 578 (2009), *Ivory* remains good law. We affirm Ventris' sentences.

In conclusion, in accordance with the judgment of the Supreme Court of the United States, we vacate that part of our opinion in *State v. Ventris* in which we reversed Ventris' convictions and remanded the case for a new trial. The decision of the Court of Appeals affirming Ventris' convictions and sentences is affirmed.

DAVIS, C.J., and JOHNSON, J., not participating.

McANANY, J., and LARSON, S.J., assigned.