NOT DESIGNATED FOR PUBLICATION

No. 115,975

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONNIE RAY VENTRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; GARY R. HOUSE, judge. Opinion filed June 2, 2017.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, of office of attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*:  Donnie Ray Ventris appeals the district court's denial of his motion
to correct an illegal sentence. Finding no error in the court's ruling, we affirm.

FACTS

The facts of Ventris' underlying case are well stated in the United States Supreme
Court opinion regarding another issue from the case.

"In the early hours of January 7, 2004, after two days of no sleep and some drug
use, Rhonda Theel and respondent Donnie Ray Ventris reached an ill-conceived

1

agreement to confront Ernest Hicks in his home. The couple testified that the aim of the visit was simply to investigate rumors that Hicks abused children, but the couple may have been inspired by the potential for financial gain:  Theel had recently learned that Hicks carried large amounts of cash.

"The encounter did not end well. One or both of the pair shot and killed Hicks with shots from a .38-caliber revolver, and the companions drove off in Hicks's truck with approximately $300 of his money and his cell phone. On receiving a tip from two friends of the couple who had helped transport them to Hicks's home, officers arrested Ventris and Theel and charged them with various crimes, chief among them murder and aggravated robbery. The State dropped the murder charge against Theel in exchange for her guilty plea to the robbery charge and her testimony identifying Ventris as the shooter.

. . . .

". . . The jury ultimately acquitted Ventris of felony murder and misdemeanor theft but returned a guilty verdict on the aggravated burglary and aggravated robbery counts." *Kansas v. Ventris*, 556 U.S. 586, 588-89, 129 S. Ct. 1841, 173 L. Ed. 2d 801 (2009).

Ventris' presentence investigation (PSI) report found he had a criminal history score of A. The PSI report listed 11 separate felony convictions from Oklahoma. The convictions were identified as person or nonperson felonies and each listed its equivalent Kansas offense. Ventris was sentenced to 247 months' imprisonment on the aggravated robbery conviction and 34 months' imprisonment on the aggravated burglary conviction.

Ventris appealed his convictions under the Sixth Amendment to the United States Constitution and on other grounds with the Kansas Court of Appeals affirming, the Kansas Supreme Court reversing, and the United States Supreme Court reversing the Kansas Supreme Court's decision and remanding for further proceedings. *Ventris*, 556 U.S. 586; *State v. Ventris*, 285 Kan. 595, 176 P.3d 920 (2008); *State v. Ventris*, No. 94,002, 2006 WL 2661161 (Kan. App. 2006) (unpublished opinion). The Kansas Supreme Court affirmed the Court of Appeals decision on remand. *State v. Ventris*, 289 Kan. 314, 212 P.3d 162 (2009). Ventris later filed a motion under K.S.A. 60-1507, which

was denied by the district court. A panel of this court subsequently affirmed the denial. *Ventris v. State*, No. 107,278, 2012 WL 4372969 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1257 (2013).

Ventris next filed a motion to correct an illegal sentence on July 9, 2014. Citing *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), he alleged his criminal history score was miscalculated. Almost 1 month later, on August 7, 2014, Ventris filed an additional motion to correct an illegal sentence, alleging his sentence was illegal due to a restitution issue.

The State filed a response to Ventris' first motion to correct an illegal sentence on October 31, 2014. The State contended that the *Murdock* decision "should not apply retroactively." Ventris filed a reply brief on November 18, 2014, contending that *Murdock* should apply to his case. The district court issued its memorandum opinion on February 5, 2015. The district court found *Murdock* "should apply only prospectively" and denied Ventris' motion. Ventris timely filed his notice of appeal on February 19, 2015.

In a letter to the district court filed April 21, 2015, Ventris inquired as to the status of his second motion to correct an illegal sentence. At a hearing on October 20, 2015, it was determined that a restitution order did not exist in the case. Though the record is unclear, it seems that the district court denied the motion without explicitly saying so. In any event, issues concerning restitution are neither raised nor briefed on appeal, and we will not consider them further.

ANALYSIS

Ventris' original argument in the district court was based upon the Kansas Supreme Court decision in *Murdock*, which was subsequently overruled by the decision in *Keel*. On appeal, Ventris continues to maintain he was sentenced illegally but switches grounds and contends his case should be sent back to the district court for consideration and rehearing based upon *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). From a careful review of his brief, it seems Ventris' sole usage of *Dickey* is to make the point that he can "challenge a misclassified criminal history at any time pursuant to K.S.A. 22-3504." This is a correct interpretation of the holding in *Dickey*, but as we note below, it is ultimately beside the point in determining Ventris' criminal history.

Ventris notes that all of his 11 convictions listed in his PSI report occurred in Oklahoma prior to July 1, 1993. Under K.S.A. 2016 Supp. 21-6810(d)(2) the Kansas criminal history must score such convictions as person or nonperson crimes based on comparable Kansas crimes in effect on the date when the current Kansas crime was committed.

As Ventris notes, the language of K.S.A. 2016 Supp. 21-6810(e) holds that this rule is procedural and is to be applied retroactively. Applying K.S.A. 2016 Supp. 21-6810(d)(2) to his two 1983 Oklahoma convictions for "Grand Larceny [a]fter Former Conviction of a Felony" (items 9 and 10 on his Kansas criminal history worksheet), Ventris claims there is no record that permits a district court to find that there were comparable offenses under the Kansas criminal code which were in effect when his Kansas crimes in this case were committed in 2004. On these two prior Oklahoma grand larceny convictions, the PSI report author found that they were equivalent to nonperson felonies under the Kansas felony theft statute (formerly K.S.A. 21-3701) which was in effect during 2004.

Ventris relies principally on *State v. Luarks*, 302 Kan. 972, 360 P.3d 418 (2015), claiming this court is forbidden from making factual determinations when comparing Ventris' previous out-of-state crimes to their Kansas equivalents.

The State begins its argument by pointing out that the original basis of this action was *Murdock*, that is what the district court ruled on, and that case has since been overruled by *Keel*. The State claims this turns this appeal into "an entirely academic question" and makes the appeal moot. Secondly, the State contends the case "is not properly before the Court because [the *Dickey* issue] is being raised for the first time on appeal." The State argues the *Dickey* issue cannot be raised for the first time on appeal and fits under none of the exceptions for raising a new legal theory on appeal. Lastly, the State contends *Dickey* is not applicable in this case because it is not retroactive, its holding does not apply to Ventris' case, and, even if applied, *Dickey* would not change Ventris' criminal history, meaning his sentence is legal.

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Donaldson*, 302 Kan. 731, 734, 355 P.3d 689 (2015). Contrary to the State's contention, under K.S.A. 22-3504(1), a defendant may challenge for the first time on appeal the classification of his or her prior conviction and/or the resulting criminal history score used to sentence him or her under the revised Kansas Sentencing Guidelines Act. *Dickey*, 301 Kan. 1018, Syl. ¶ 3.

K.S.A. 2016 Supp. 21-6810(d)(2) states the following rule for determining criminal history scores:

> "All prior adult felony convictions, including expungements, will be considered and scored. Prior adult felony convictions for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under

the Kansas criminal code in effect on the date the current crime of conviction was committed."

Furthermore, "[t]he amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." K.S.A. 2016 Supp. 21-6810(e). The statute does apply to Ventris' case, since all of his crimes were committed in Oklahoma between 1983 and 1989. See K.S.A. 2016 Supp. 21-6810(d)(2).

In order to reach an A criminal history category, as Ventris was classified, the offender must have a criminal history that "includes three or more adult convictions . . . for person felonies." K.S.A. 2016 Supp. 21-6809. Ventris spends the entirety of his brief analyzing the applicability of his prior grand larceny convictions. A simple look at Ventris' PSI report criminal history worksheet reveals the larceny convictions he spends such an exhaustive time analyzing are not even relevant to his criminal classification. All of the larceny convictions are listed as adult felony nonperson convictions and have no bearing on an A criminal history classification. See K.S.A. 2016 Supp. 21-6809.

Notably, Ventris fails to acknowledge his three prior Oklahoma robbery convictions. Those three convictions standing alone give Ventris the three person felonies necessary to put him in an A criminal history category. Although Ventris' argument fails on its face because of this omission, we will discuss application of K.S.A. 2016 Supp. 21-6810 to his prior robbery convictions.

Ventris' prior robbery convictions are as follows:  (1) robbery with firearms after two or more prior felony convictions, conviction date February 24, 1987; (2) robbery with a firearm after a prior felony conviction, conviction date February 6, 1987; and (3) robbery with a dangerous weapon, conviction date April 7, 1983. The PSI report listed the equivalent of all three robbery convictions as K.S.A. 21-3427. Applying K.S.A. 2016 Supp. 21-6810(d)(2), it is clear that the equivalent offense listed for all three robbery

convictions is, in fact, a comparable Kansas offense in compliance with the statute, namely aggravated robbery pursuant to K.S.A. 21-3427, a person felony.

The Oklahoma statute for robbery with a dangerous weapon was amended in 1982 with an effective date of April 16, 1982, and was not amended again until 1997. Okla. Stat. tit. 21, § 801. Therefore, one version of the statute is applicable for all three robberies. The statute effective at the time of the crimes reads as follows:

> "§ 801. Robbery or attempted robbery with dangerous weapon or imitation firearm—Punishment
>
> "Any person or persons who, with the use of any firearms or any other dangerous weapons, whether the firearm is loaded or not, or who uses a blank or imitation firearm capable of raising in the mind of the one threatened with such device a fear that it is a real firearm, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by imprisonment for life, in the State Penitentiary, or for a period of time of not less than five (5) years, at the discretion of the court, or the jury trying the same.
>
> "Upon conviction therefor, any person guilty of three (3) separate and distinct felonies, in violation of this section shall suffer punishment by imprisonment for life, in the State Penitentiary, or for a period of time of not less than ten (10) years, and it is mandatory upon the court to impose no less than the minimum sentence of ten (10) years. The sentence imposed upon such person shall not be reduced to less than ten (10) calendar years, nor suspended, nor shall any person be eligible for probation or parole or receive any deduction from his sentence for good conduct until he shall have served ten (10) calendar years of such sentence." Okla. Stat. tit. 21, § 801 (1983 Supp.).

The definition of robbery in Oklahoma, which has not changed since 1910, is as follows: "Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla. Stat. tit. 21, § 791 (2015).

The comparable Kansas statute, as identified by the PSI report criminal history worksheet, was K.S.A. 21-3427. That statute was amended in 1993 before being repealed and moved to a different statutory section in 2011. L. 2010, ch. 136, sec. 307. Ventris' crimes were committed on January 7, 2004, meaning the last version of the statute applies. That version of the statute reads as follows:

"Aggravated robbery is a robbery, as defined in K.S.A. 21-3426 and amendments thereto, committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery.

"Aggravated robbery is a severity level 3, person felony." K.S.A. 21-3427.

The Kansas definition of robbery in 2004 was formerly listed in K.S.A. 21-3426. That section was similarly amended in 1993 before being repealed and moved to another section in 2011. L. 2010, ch. 136, sec. 307. The definition reads as follows: "Robbery is the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426.

The two robbery statutes are nearly identical. Both involve the taking of property, from a person, through force or some version of a menace (threat in Kansas, fear in Oklahoma). K.S.A. 21-3426; Okla. Stat. tit. 21, § 791 (2015). Clearly the two are comparable. The aggravated robbery statutes are also identical. The Oklahoma statute is clearly longer, as it also covers attempt and an overview of punishment. Okla. Stat. tit. 21, § 801 (1983 Supp.). However, looking to the basics of the offense, the comparison is readily apparent. Oklahoma calls for a person, utilizing a dangerous weapon to commit robbery. Okla. Stat. tit. 21, § 801 (1983 Supp.). Comparably, the Kansas statute calls for a person, utilizing a dangerous weapon, to commit a robbery. K.S.A. 21-3427. Clearly, the equivalent offense of aggravated robbery under K.S.A. 21-3427 listed in the PSI report criminal history worksheet is comparable to the Oklahoma convictions for robbery with a dangerous weapon.

8

Ventris' sentence in this case was clearly legal. We find no grounds to remand the case under *Dickey*. Ventris' own argument is not supported by the facts. He argues extensively about grand larceny convictions that are classified on his PSI report criminal history worksheet as nonperson felonies. Nonperson felonies have no bearing on a criminal history score of A. K.S.A. 2016 Supp. 21-6809. Ventris has three felony robberies in his PSI report criminal history worksheet that are comparable to person felony aggravated robbery in Kansas in compliance with K.S.A. 2016 Supp. 21-6810(d)(2). These three convictions on their own justify Ventris' criminal history score of A.

Affirmed.